53   401
23a  497

TRUSTEES OF THE METHODIST EPISCOPAL CHURCH OF ILLIOPOLIS

*v.*

WILLIAM F. GARVEY.

1. SUBSCRIPTION—*when binding.* Where a party subscribed towards the payment of a debt due for the building of a church edifice, and the trustees of the church, afterward, in their corporate capacity, but on the faith of the

subscription list, borrowed money to pay the church debt, it was *held*, tha₁ the payment of such subscription could be enforced, as coming within the rule that where a person subscribes to a public enterprise, and work is done, money expended or liability incurred, on the faith of such subscription, it becomes binding.

2. And the fact that the trustees used the money, so borrowed, to discharge a pre-existent debt does not change the fact that they incurred a new and different liability.

WRIT OF ERROR to the Circuit Court of Sangamon county ; the Hon. BENJAMIN S. EDWARDS, Judge, presiding.

This was an action of assumpsit, brought by the trustees of the Methodist Episcopal Church of Illiopolis, against William F. Garvey, to recover upon a subscription. Upon trial in the court below, judgment was rendered for the defendant, and to reverse this judgment the plaintiffs bring the record to this court.

Mr. B. STUVE, for the plaintiffs in error.

Messrs. HAY, GREENE & LITTLER, for the defendant in error.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

This was an action brought to recover the sum of twenty-five dollars, which the defendant had subscribed towards the payment of a debt due for the building of a church edifice, in the town of Illiopolis. The evidence shows that the trustees of the church had, in their corporate capacity, but on the faith of the subscription list, borrowed money, with which to pay the church debt.

It is admitted by counsel for the defendant, that where a person subscribes to a public enterprise, and work is done, money expended, or liability incurred, on the faith of such subscription, it becomes binding. Such has been the decision of this court in various cases, which are cited in *McClure* v. *Wilson*, 43 Ill. 356. But it is claimed that the

present case does not fall within this rule, as the church had been built prior to the subscription, and the trustees, although they borrowed money in their corporate capacity, on the faith of the subscription, did not thereby increase their liability, but merely changed their creditors.

As a matter of public policy, courts have been desirous of sustaining the legal obligation of subscriptions of this character, and in some cases, as in *George* v. *Harris,* 4 N. H. 535, have found a sufficient consideration in the mutuality of the promises, where no fraud or deception has been practiced. But, while we might be unwilling to go to that extent, and might hold that a subscription could be withdrawn before money has been expended, or liability incurred, or work performed on the strength of the subscriptions, and in furtherance of the enterprise, yet, we are of opinion the present case fairly falls within the rule established in this court and admitted by counsel. Although the church trustees have not increased their liability, they have, on the faith of this subscription, incurred a new liability to new parties. They have borrowed money, relying upon this subscription as a means of payment, and the fact that they have used the money to discharge a pre-existent debt, does not change the fact that they have incurred a new and different liability. The lender of the money may have relied for his payment, not merely on the credit of the trustees in their corporate capacity, but on the subscription list in their hands. The record shows a sufficient consideration, and the judgment should have been for the plaintiffs.

The judgment is reversed and the cause remanded.

*Judgment reversed.*