## ROBERT HALL

*v.*

## THE CITY OF VIRGINIA.

91  535
23a 497

1. SUBSCRIPTION—PARTIES—*who may sue upon a subscription, when no payee is named.* A subscription of money for the purpose of erecting a building to be donated to a county, with no payee or promisee named, may be enforced by and in the name of any person or corporation furnishing money and erecting the building on the faith of the same. Such person becomes the proper promisee or payee.

2. SAME—*whether conditional.* A subscription for the purpose of building a house in a public square of a city, to be donated to the county in the event of the removal of the county seat to such city, is not a conditional subscription, dependent upon the fact of the donation to the county.

3. SAME—*what would amount to a donation.* But if, in such case, the actual donation were essential to render the subscription binding, a lease to the county for ninety-nine years without the payment of rent, would be regarded as a donation.

4. SAME—*illegal issue of bonds by a city to carry out the purpose of the subscription.* Where a city, on the faith of subscriptions for the purpose of building a court house to be donated to the county, issues corporate bonds, upon which it raises money, which is devoted to the purpose of the subscription, a subscriber, when sued for his subscription by the city, can not be allowed to show in defence that the city exceeded its corporate powers in issuing its bonds to raise the money. That is a question alone between the city and the holders of the bonds.

5. INTEREST—*when allowable on subscriptions.* Interest on a subscription for the purpose of erecting a building is not recoverable without proof of the time the money was expended on the faith of it, and when the building was erected.

6. AGREED STATE OF FACTS—*presumption.* Where a case comes to this court upon an agreed statement of facts, such statement takes the place of a bill of exceptions, and this court will not presume other evidence not therein stated was heard which might affect the judgment.

APPEAL from the Circuit Court of Cass county; the Hon. CYRUS EPLER, Judge, presiding.

Mr. CASSIUS G. WHITNEY, for the appellant.

Messrs. MORRISON, WHITLOCK & LIPPINCOTT, for the appellee.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the Court:

This was an action of assumpsit, brought by the city of Virginia in the circuit court of Cass county, against Robert Hall.

The declaration contained the common counts for money paid, laid out and expended, money loaned, interest, money due and owing on account stated. The defendant pleaded the general issue, and on a trial of the cause before the court, a jury having been waived, the plaintiff recovered a judgment for $590, to reverse which defendant appealed, and the case is presented here upon an agreed statement of facts, as follows:

1st. It is agreed by the parties hereto that the defendant signed the contract or subscription declared on, which is in the words and figures following, to-wit:

" We, the undersigned, agree to pay the amount set opposite our respective names, for the purpose of building a house in the public square in the town of Virginia, Illinois, to be donated to Cass county for county purposes, in the event of the removal of the county seat from Beardstown, Illinois, to Virginia, Illinois. Virginia, Illinois, July 29, 1872."
—and that said subscription was also signed by others than the defendant. The amount of the subscription of the defendant was $500.

2d. It is agreed that a building was built in the public square of the city of Virginia after said subscription was signed, and that said building was leased by said city of Virginia to Cass county for the period of ninety-nine years, for court house purposes.

3d. Said building was built at the expense of said city of Virginia, including moneys collected on said subscription.

4th. The said defendant never paid any portion of his said subscription.

5th. That the said city of Virginia issued its bonds and borrowed money upon them with which to erect said building, and that said bonds are now outstanding against said city.

6th.   That said building is now in use as the court house of said county of Cass, and that the county seat of said county was removed by law to Virginia, before the commencement of this suit.

7th.   That said city of Virginia expended money in building said court house, in part, upon the faith of said subscription of said defendant, in common with the other subscribers thereto.

The first ground relied upon by the defendant to reverse the judgment is that the subscription paper in evidence contains no payee.

The money was subscribed by defendant for the purpose of building a house in the public square in the town of Virginia to be donated to Cass county for county purposes, as appears from the terms of the contract signed by defendant.   It further appears, from the agreed statement of facts, that Virginia, after the subscription was made, and on the faith of the subscription, furnished money and erected the house.   We under-stand the doctrine is well settled in this State, that the party who advances money, as did the city of Virginia in this case, on the faith of the subscription, becomes the proper promisee or payee in the subscription.   This is fully settled in *McClure* v. *Wilson*, 43 Ill. 356, and cases there cited.

It is also urged, that the court house has been leased to Cass county, and not donated, and hence the condition upon which defendant subscribed not having been complied with, the money is not due and can not be collected.   The defendant's agreement was to pay money for the purpose of building a house to be donated to Cass county, not on condition the donation was made.   Besides, a leasing for ninety-nine years, when no rent is required to be paid, may be regarded as a substantial compliance with the specification in the subscription, "to be donated."   For all practical purposes the house is donated to the county.   Doubtless, before the expiration of ninety-nine years the house will be worn out and of no use or benefit to any person, so that the county, by the lease,

derives the same benefit from the house as if it was donated.

It is next urged, the building of the court house was not a corporate purpose, and the city of Virginia had no right to issue bonds and erect the building, and could not become a party to this subscription contract.

It is doubtless true, a city or an incorporated town can not incur a debt or liability for other than corporate purposes, but the question, whether the city of Virginia is legally liable for the payment of the bonds it has issued for the purpose of raising money to erect the court house, can not be raised by the defendant in this action. So far as this record discloses, that question does not concern the defendant. The legality of the bonds is a question solely between the holders of such bonds and the city. It is not to be presumed in advance that the city of Virginia will undertake to repudiate her indebtedness, but whether she will or not, we are aware of no authority which would sanction the right of this defendant, when sued upon a debt of his own contracting, to interpose a defence of that character for the city of Virginia.

The sole question in this case is, whether the defendant is liable upon the subscription for the payment of the amount which he promised to pay, and not whether the bonds issued by the city are illegal or may be defeated by the city. On the faith of this subscription, and others of a like character, the city of Virginia erected the house for the purposes named in the subscription, and it has been devoted to the purpose contemplated by the subscription. Under such circumstances it would be manifestly unjust now to permit the defendant to escape payment of his subscription, on the ground the city may have exceeded its corporate powers.

It is next urged that the judgment is larger than warranted by the evidence. The subscription was $500, but the judgment was $590. The $90 was doubtless allowed for interest, but there is no evidence in this record upon which a recovery of interest can be based. It does not appear when the city expended the money in erecting the house, nor does it appear

when the house was built except that it was built before the suit was commenced. These facts should have been proven, to authorize a judgment for interest.

It is, however, suggested by appellee that it will be presumed the proof was made, in the absence of a bill of exceptions. The agreed statement of facts in the record takes the place of a bill of exceptions, and when parties have stipulated what the facts are, and the record comes up on the agreed statement of facts, we must presume the statement contains all the facts. We can not presume other evidence was heard which might sustain the judgment.

For the reason the judgment is larger than warranted by the evidence, it will be reversed and the cause remanded.

*Judgment reversed.*