## FRANK FRIEDLINE, ADMINISTRATOR,
### v.
## BOARD OF TRUSTEES OF CARTHAGE COLLEGE.

*Negotiable Instruments—Note Payable to " Treasurer " of Corporation —Parties—Endowment of Carthage College—Consideration—Liability of Maker's Estate—Evidence.*

1.   Where a note is payable to an officer of a corporation mentioned, without naming the officer, the right of action is in the corporation.

2.   In an action on a note payable to the "Treasurer of the Board of Trustees of Carthage College," it is *held:* That said board may maintain an action on the note; that the death of the maker was not a revocation of his promise to pay the principal; that said promise.was not conditioned on the raising of $50,000 as an endowment fund; that the defense of a want of consideration was not sustained; that the jury were justified in believing, from the evidence, that the maker was living until after the last payment of interest; and that his estate is liable on the note.

[Opinion filed June 7, 1887.]

APPEAL from the Circuit Court of Jackson County; the Hon. O. A. HARKER, Judge, presiding.

Mr. WILLIAM A. SCHWARTZ, for appellant.

Messrs. SMITH & STEPHENS, for appellee.

GREEN, J.   Appellee presented, as a claim against the estate of Andrew Friedline, deceased, in the County Court of Jackson County, the following described promissory note:
"$100.00, No. 757.

" DE SOTO, Dec. 27, 1877.

"Five years after date I promise to pay to the order of the *Treasurer of the Board of Trustees of Carthage College*, one hundred dollars, with interest from date, at the rate of ten per cent. per annum, said interest to be due and payable annually, at the office of the treasurer of said college; this note is

given to secure the above amount to the endowment fund of the Carthage College, located at Carthage, Illinois.

ANDREW FRIEDLINE."

On which was indorsed these credits: "Dec. 27, 1877, interest for one year $10.00." "Dec. 11th, 1879, rec'd $10.00 net. D. G. T." The claim was sworn to, and upon a hearing the court ordered the allowance of the amount found due, $152.58, as a seventh-class claim against said estate. From which order said administrator took an appeal to the Circuit Court of Jackson County, where a trial was had; a verdict rendered for plaintiffs for $100; the motion for a new trial was overruled; the court rendered judgment on the verdict for $100 damages and costs of suit against said estate, in favor of plaintiff, to be paid as a seventh-class claim, from which judgment the administrator took this appeal.

The error assigned, that the court below "admitted improper evidence" "offered by plaintiff," is not supported by the record. The note was properly admitted in evidence. The objection made to the competency of the witnesses whose depositions were read on behalf of plaintiff was properly overruled, and no other objection was made to their testimony. The certified copy of the certificate of incorporation of Carthage College we perceive no well founded objection to, and think the trial court properly permitted it to be read to the jury.

The instructions given by the court were substantially correct, and those requested on behalf of defendant and which the court refused to give, ought not to have been given.

The last error assigned is "overruling defendant's motion for a new trial," and in passing upon this we will first reply to the suggestion of appellant that the right of action upon this note was not in appellee, because the payee named therein, was " the treasurer of the Board of Trustees of Carthage College" and the note was not assigned. When a note is made to a named *payee*, as for instance to A B, agent, etc., the right of action in law is in A B, and he should bring suit. In such case it is held, adding the character to his name amounts only to a description of his person. Buffum v. Chadwick, 8 Mass. 103; Gilmore v. Pope, Mass. 492; African Society v. Varick, 13

Johns. 38; but when a note is payable to the cashier, or other officer of *the corporation mentioned* without naming the officer, the principal who is named rather than the agent who is not named has the right of action. 2 Parsons on N. & B. 451, and cases cited in foot note. President, etc., Commercial Bank v. French, 21 Pick. 486. Applying the rule laid down in the cases cited to this note, it is apparent the legal right to recover on it was in appellee.

It is further urged on behalf of appellant, that the interest only of the endowment fund (of which this note formed a part) was to be used for the purposes of the college and the principal of said note was to be kept at interest, and hence the death of the maker was a revocation of his promise to pay the principal. This is not the view we take. The note was for $100 and was, by its very terms, given to secure the *above amount* to the endowment fund (not the interest only on said amount), and when paid, the principal would be re-invested and go into an interest-bearing fund to furnish an income for college purposes as had been done, according to testimony of Ferris, with the proceeds of many similar notes already paid. Nor is there anything in the point suggested on behalf of appellant, that until $50,000 was raised as an endowment fund the maker of the note did not become liable. No such conditions appear in the note, and the record shows that the citizens of Carthage, by subscription, raised and paid for the ground and college building over $25,000, upon the agreement with representatives of the Synods controlling the college, that the Synods would furnish an endowment fund of $50,000, and those citizens would be the persons having the right to complain because of the failure to raise the full sum so promised; not the maker of the note. The purpose forming part of the consideration for which it was given, viz., the advantages afforded by the college as a seminary of learning, has been accomplished, although the full amount of $50,000 was not subscribed to said fund. It is further insisted there was no evidence showing the date of intestate's death, or that any money was advanced or liability incurred by others on the faith of this subscription note after it was given and during the

Friedline v. Board of Trustees.

life of the maker, but it appears interest was paid on this note as late as December 11, 1879, and it would be a reasonable inference the maker paid it and was then living. No one else would probably have paid it for him in his lifetime. Nor would the administrator be likely to pay it after the death of the maker, because the defense in this case denies the liability of the estate to pay the note. The jury were justified in believing from the evidence the maker of the note was living as late as December 11, 1879, and during all the time from the date of said note until December 11, 1879, and since the college was in successful operation; furnishing the advantages promised, teachers were employed, expenses were paid, liabilities incurred, all on the faith of the endowment fund of which this note formed a part, and relying on such fund as a means to keep up the college; under the evidence, the defense of want of consideration because the note was a mere offer not acted upon by the expenditure of money or incurring liability upon the faith of the promise, is not maintained; on the contrary it appears the intestate subscribed, with others, a sum of money to carry on a common project, lawful in itself and supposed to be beneficial to those subscribing, and money has been advanced and liabilities incurred on the faith of his promise, and his estate is liable. Pryor v. Cain, 25 Ill. 292; Thompson v. Supervisors, 40 Ill. 380; Trustees v. Garvey, 53 Ill. 401; Snell v. Trustees, 58 Ill. 290; Hall v. City of Virginia, 91 Ill. 535; Trustees v. Stetson, 5 Pick. 506.

The judgment is affirmed.

*Affirmed.*