In the Matter of the Accounting of JUDSON R. HOOPER, as Administrator of the Estate of FRANK H. BARKER, Deceased, Respondent.

KEUKA COLLEGE et al., Appellants.

Argued November 22, 1938; decided January 10, 1939.

*Clarence M. Gifford* for appellants. The claimants made a *prima facie* case by proving the notes which recited the phrase "for value received." (*Owens* v. *Blackburn,* 161 App. Div. 827; *Rice* v. *Rice,* 43 App. Div. 458; *Prindle* v. *Carruthers,* 15 N. Y. 425; *Hegeman* v. *Moon,* 131 N. Y. 462; *Hamilton* v. *Hamilton,* 127 App. Div. 871; *Matter of Ball,* 221 App. Div. 228; *Howell* v. *Wright,* 41 Hun, 167.) No different rule should be applied to the proof of a subscription note given to a charitable corporation. (*Allegheny College* v. *National Chautauqua County Bank,* 246 N. Y. 369; *Barnes* v. *Perine,* 12 N. Y. 18; *Matter of Ball,* 221 App. Div. 228; *Shimel* v. *Williams,* 136 Misc. Rep. 464; *Hegeman* v. *Moon,* 131 N. Y. 462; *Matter of Taylor,* 251 N. Y. 257.)

*George H. Bowers* for respondent. An executory promise, without consideration and intended to operate as a gift after death, cannot be enforced. (*Harris* v. *Clark,* 3 N. Y. 93; *Twenty-third Street Baptist Church* v. *Cornell,* 117 N. Y. 601; *Holmes* v. *Roper,* 141 N. Y. 64; *Matter of Tummond,* 290 N. Y. Supp. 40; *Matter of Taylor,* 251 N. Y. 257.) The instruments are non-negotiable and the claimants must both plead and prove a consideration for them. (Cons. Laws, ch. 38, § 50; *Deyo* v. *Thompson,* 65 N. Y. Supp. 459; *Wray* v. *Miller,* 120 N. Y. Supp.

787; *St. Lawrence County Nat. Bank* v. *Watkins*, 153 App. Div. 551.) The recital " for value received " raises only a very slight presumption of consideration. (*Dougherty* v. *Salt*, 227 N. Y. 200; *Matter of Taylor*, 251 N. Y. 257.)

*Per Curiam.* We are of opinion that the inference of consideration from the phrase " For value received " on the face of each of the notes was not necessarily repelled by the remainder of the text of the instruments themselves. (*Matter of Taylor*, 251 N. Y. 257; *Strickland* v. *Henry*, 175 N. Y. 372.)

The order of the Appellate Division and the decree of the Surrogate's Court should be reversed and the matter remitted to the Surrogate's Court for further proceedings in accordance with this opinion, with costs in all courts to abide the event, payable out of the estate.

CRANE, Ch. J., HUBBS, LOUGHRAN and FINCH, JJ., concur; LEHMAN, O'BRIEN and RIPPEY, JJ., dissent.

Ordered accordingly.