In re Estate of Adaline B. Drain, Deceased.
Board of Home Missions and Church Extension of the
Methodist Episcopal Church et al., Appellees, v.
Harry B. Helm, Executor of Last Will and
Testament of Adaline B. Drain, Deceased, Appellant.

Gen. No. 9,675.

Heard in this
court at the May term, 1941.  Opinion filed August 14, 1941.
Rehearing denied October 7, 1941.

KENNETH W. MILLER, of Prophetstown, and S. M.
ELLISON, of Alpha, for appellant.

Robert W. Besse and Kennard J. Besse, both of Sterling, for appellees.

Mr. Justice Huffman delivered the opinion of the court.

This action originated by way of claim filed by appellees against the estate of Adaline B. Drain, in the county court of Whiteside county. The Board of Home Missions and Church Extension, and the Board of Foreign Missions, of the Methodist Episcopal Church, were engaged in a campaign to raise funds to carry on the work of such boards. Pursuant thereto, they obtained a pledge from Adaline B. Drain and C. Roberta Brown in the sum of $2,000, which pledge read as follows:

"Centenary Estate Pledges

For the Board of Home Missions and Church Extension and for the Board of Foreign Missions of the Methodist Episcopal Church.

May 6, 1919

In consideration of our interest in Christian Missions, and on condition that the above-named Boards secure other subscriptions for this cause, and for value received, I (italics scored out) we hereby promise and agree to pay to the Board of Home Missions and Church Extension and the Board of Foreign Missions of the Methodist Episcopal Church, at No. 150 Fifth Avenue, New York City, the sum of Two Thousand and no/100. . . . Dollars ($2,000.00) which shall become due one day after our death, payable out of our estate."

Roberta Brown predeceased Adaline B. Drain. After the death of Adaline B. Drain, claim was filed upon the pledge. The county court denied the claim, and upon appeal to the circuit court of said county, the claim was allowed. The executor under the will of Adaline B. Drain brings this appeal from the judgment of the circuit court allowing such claim.

Appellant urges for reversal that appellees failed to make out a prima facie case, and therefore were not entitled to judgment, and that the court erred in not granting motion of appellant to render judgment denying the claim.

The evidence shows that, at the time the pledge in question was secured, 238 similar pledges had been received, which amounted to approximately $268,000, and that some $70,000,000, in similar pledges were subsequently received. The only witness in the case was the custodian of the pledges. .

Appellant argues that payment cannot depend upon a contingency which may never happen, and that compliance with the conditions mentioned in the instrument must be proved. It is further urged by appellant that subscription of others, or labor and expense in obtaining other subscriptions, do not constitute a consideration to support a subscription, citing in this respect, the case of *Cutwright v. Preachers' Aid Society,* 271 Ill. App. 168.

It is urged by appellees that the words "for value received," import a consideration, citing in this respect, *Estate of Beatty v. Western College of Toledo, Iowa,* 177 Ill. 280, 291; *In re Estate of Baker,* 279 N. Y. 449, 18 N. E. (2d) 656. In the case last cited, it is said that, "the inference of consideration from the phrase 'for value received,' on the face of each of the notes was not necessarily repelled by the remainder of the text of the instruments themselves." The instrument in that case was designated as an, "endowment note," and for value received, subscribed $3,000, to the endowment fund of an academy, payable 12 months after the death of the signers.

It is generally considered that a promise to donate money to a charitable purpose is gratuitous and unenforcible unless consideration therefor exists; however, the original gratuitous promise will be converted into a valid and enforcible contract, where before a

withdrawal of the promise, and in reliance thereon, as well as on the promises of others, the charitable organization to which the promise was made, expends money and incurs enforcible liabilities in furtherance of the enterprise the donors intended to promote.

Any attempt to reconcile the cases from various jurisdictions on the validity of voluntary engagements to pay money for charitable purposes would be of no avail. Different theories have been advanced for sustaining such contracts. The facts and circumstances in the various instances differ widely, as well as rules and interpretations applied as tests of the validity to such undertakings.

A few courts have indicated that a subscription agreement is enforcible without the necessity of legal consideration sufficient to support an ordinary contract. However, we do not find this jurisdiction to be in that group. It would appear that under the rule in this State, a gratuitous subscription for a charitable purpose is considered as a continuing offer to make a gift, and until accepted or acted upon by the recipient in such a manner as to raise a consideration, it is unenforcible and may be withdrawn, since until such time, it is deemed to be without consideration. Thus, we find that if the promisee on the faith of the subscription, and before its withdrawal, performs some act such as the expenditure of money or incurring liabilities which are enforcible, in furtherance of the enterprise the promisor intended to assist or promote, consideration for the subscription is then supplied, and the same is thereafter deemed to be valid, binding and enforcible.

Courts lean toward sustaining such contracts when the same may be done without violating established rules of law. Many of our most beneficient institutions are largely maintained by virtue of voluntary contributions from those who are disposed to encourage and promote such work. *Trustees of the Methodist Episcopal Church of Illiopolis, v. Garvey,* 53 Ill. 401.

It appears from the record that appellee corporations had completed 100 years of mission work in the furtherance of Christian Missions, and that in observance of the completion of this period of service, the campaign had been inaugurated to raise additional funds for the maintenance and furtherance of such work, and that from the subscriptions so secured, of which that in question was one, the proceeds of such pledges as were collected, had been expended in furtherance of the enterprise the promisor intended to promote. Thus, it appears that great expense had been incurred in the furtherance of the proposed work following the pledge involved herein. Such expenditures could not take place without incurring legal liabilities. The mutuality of the promise is to be tested by the situation existing at the time the subscription is sought to be enforced, and not that existing at the time of the signing thereof.

With respect to appellant's point that no consideration appeared in connection with the pledge, we find that it recites a consideration. This has been deemed sufficient to establish a prima facie case. *Estate of Beatty v. Western College of Toledo, Iowa, supra; In re Estate of Baker, supra.* Furthermore, it would appear that appellees have expended a large amount of money in and about the work which was the object of the subscription, and we are inclined to the opinion that such is sufficient to estop appellant from raising the defense sought to be interposed.

The judgement is therefore affirmed.

*Judgment affirmed.*