DICKSON (MILLIGAN v.). See Cases Nos. 9,603 and 9,604.

DICKSON (PEISCH v.). See Case No. 10,-911.

DICKSON (SIMMS v.). See Case No. 12,-869.

---

## Case No. 3,899.

### DIDLAKE v. ROBB.

[1 Woods, 680.] [1]

Circuit Court, N. D. Mississippi. Nov. Term, 1874.

PROMISSORY NOTE—RENEWAL BY HEIR—COMMON-LAW LIMITATION.

1. A promissory note given by the heir, in renewal of a note made by his ancestor which was barred by limitation at the death of the ancestor, is void for want of consideration.

2. At common law, after the lapse of sixteen years, there arises the legal presumption that the debt has been paid; and, after the expiration of twenty years, this presumption becomes conclusive.

The legal questions in the case were presented by a demurrer to one of the defendants' pleas. The substance of the plea is stated in the opinion of the court.

Johnson & Johnson, for plaintiff.

Nugent & Yerger, for defendants.

---

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

HILL, District Judge. This action is brought by the plaintiff against the defendants to recover the amount of five promissory notes, each for the sum of $3,189.27, due and payable as follows: February 1, 1868, 1869, 1870, 1871 and 1872, and each bearing interest from the first day of February, 1867, the day upon which, it is to be presumed, they were executed, no date being stated. Among other pleas interposed by the defendants is one stated as the second, which avers a want of a sufficient consideration, alleging that the notes were given in renewal of four notes executed by John H. Robb, the late husband of said Ann L. Robb, and the father of the other defendants, payable to the ancestor of said Nannie W. Didlake, dated September 12, 1839, and due and payable as follows: One for $2,613, February 1, 1843; one for $2,474, February 1, 1842; one for $2,333, February 1, 1841; and one for $500, dated September 24, 1840, and due four months after date. On all these notes there were credits, except the last mentioned. John H. Robb, the ancestor of defendants, died intestate in the year 1852, and letters of administration were granted upon his estate, by the probate court of Washington county, in May, 1853. All of these notes, except the note for $500, upon which $300 had been paid in 1850, were barred by the statute of limitations before the death of the said John H. Robb; and all of them were barred long before the execution of the notes sued upon. It is also averred that these notes were executed under a mistake as to their binding obligation upon the estate of the said John H. Robb. To this plea the plaintiffs have filed their demurrer, which raises the question as to whether the matters alleged in the plea constitute a good defense to the plaintiff's action. It is admitted that there must have been a sufficient legal consideration upon which the promises were made, to enable the plaintiff to recover; that is, some benefit to the promisor, or some injury to the promisee; but, it is insisted by plaintiff's counsel, that the giving up of the old notes was a satisfaction of them, and hence a good consideration.

The authorities hold that where a party has owed a valid debt which has become barred by the statute of limitations, or from which he has been discharged by a decree in bankruptcy, a new promise to pay the debt will be binding, both defenses being personal and only available upon plea; but in such cases the debt from which the promisor may upon his plea discharge himself must once have been a valid one and one for which he would have been liable but for the plea; otherwise, the promise is entirely voluntary and of no binding force. The heirs at law and distributees are not liable to pay the debt of the ancestor, whilst the estate, both real and personal, is liable if proceeded against in the proper manner, and within the prescribed time. This the holders of these notes executed by the ancestor neglected to do until this liabil-

ity was extinguished by lapse of time and the statute of limitations. It is now well settled in this state that a debt barred by limitation at the death of the decedent cannot be revived by a promise made by his personal representative, and upon principle, a judgment rendered against the representative upon a debt so barred would not be binding upon creditors holding subsisting debts, or upon the legatees or distributees. The heir at law immediately becomes vested with the title to the real estate, subject only to the debts of the ancestor for such balance as may remain after the exhaustion of the personal assets; and upon principle, if the personal estate is not liable, the real estate so descended cannot be reached.

But aside from the statute of limitations, there were other defenses against a portion of these notes, at the death of John H. Robb, as they are stated in the plea. The rule is well settled that after a debt has remained due and payable for sixteen years, the law holds such lapse of time as prima facie evidence of payment, which prima facie evidence may be rebutted by proof of a subsequent promise to pay, or some reasons why suit was not brought; and after the lapse of twenty years the presumption of payment become conclusive. Let us apply these rules to the notes as stated in the plea. The note falling due February 1, 1841, was due for more than twenty years before the death of the maker. The only credit was entered September 25, 1844, about eighteen years before his death. The note falling due February 1, 1842, has no credit, and was due more than twenty years before maker's death. The note falling due February 1, 1843, had no credit upon it at the death of the maker, and had been due for nineteen years, or about that length of time; leaving only the note for $500, and upon which a credit of $300 was entered within about six months after the same became due and payable. As to all but the balance due on this note there was prima facie a good defense, without invoking the statute of limitations at the death of said Robb, and a conclusive defense as to the note for $2,474. The payments made after this time were made by the administrator, it is presumed, who could not revive the debt by such payment, and thereby create a binding obligation upon herself or any one else.

From a careful consideration of the matters stated in the plea, and the principles of law involved, I am convinced that the promises made by the defendants could not by any possibility secure to them any benefit whatever; promises which they were under no legal or moral obligation to make, and which the plaintiffs had no legal or moral right to exact, and for the nonperformance of which they have no right to complain, and consequently in law there was no sufficient consideration to sustain the promises made; that the plea presents a good defense to the action, and the demurrer thereto must be overruled. To hold otherwise would be to hold that the defendants were liable for the sum of $21,787.02 for a debt of their ancestor of only $206 at the time of his death, then binding upon his estate, and which last sum had long ceased to have any binding force against his estate before those promises were made, and none of which debts ever did have any binding obligation upon either of the defendants personally. Demurrer overruled.