GEORGE E. McELVEN *et al.,* plaintiffs in error, *vs.* A. M. SLOAN & COMPANY, defendants in error.

The fact that a deceased father, who was discharged in bankruptcy from the payment of his debts, and who died insolvent, owed a promissory note in 1856, without more, does not impose upon the sons such a strong moral obligation to pay that old note, so discharged in bankruptcy, as to become a good consideration to support a new note given by the sons for the principal of the old note.

Promissory notes. Consideration. Parent and child. Before Judge WRIGHT. Mitchell Superior Court. May Term, 1875.

Reported in the opinion.

B. B. BOWER; D. A. RUSSELL; O. G. GURLEY, for plaintiffs in error.

FLEMING & RUTHERFORD, by JACKSON & LUMPKIN, for defendants.

JACKSON, Judge.

A. M. Sloan & Company sued the two McElvens on a promissory note, the consideration of which appeared on its face to be "the payment of the principal of a note in favor of J. M. Ponder, against my father, R. D. McElven." The McElvens defended on the ground that the note was without consideration and did not bind them. They set up in their plea the fact that their father owed Ponder the amount of this note in the year 1856; that in 1868 he went into bankruptcy; that since that time he died, and that his estate was insolvent; that when, in 1871, they made the note sued on, Ponder, to whom it was made payable, was dead, and that the real transaction was with Sloan & Company, and they received the note as soon as made, and knew all about it, and their counsel persuaded defendants to give the note sued on. The court struck the plea, on motion, and this is the error complained of.

It will be seen that the whole question is whether the facts make out a good consideration in law to support the note, or whether it is *nudum pactum* and void. In other words, are the sons morally bound to pay the debts of a bankrupt, deceased, and insolvent father, who left no estate to come into their hands? It would certainly be quite honorable for sons to do so; it would evince a high tone of veneration for their father, a very nice and delicate sense of honor in themselves, but we hardly think that a strong moral obligation rests upon them to do so. The Code declares that "a good consideration is such as is founded on natural duty and affection, or on a strong moral obligation:" Code, section 2741. If this note had been given for medical services rendered the deceased parent, or for his support or clothing, or for some similar benefaction rendered to him, either or any such consideration we think would amount to natural duty and affection, and would also lay a strong moral obligation upon the sons to reimburse the benefactor of the parent, and would support such a promise to pay. If these sons had received a share of their father's estate at the time the original note was given, and had thus obtained some of his property on which the credit had been given the father, we are disposed to think that such fact might lay a strong moral obligation upon them to do something to pay the old note or a part thereof, and would thus support a new promise to pay. But the naked question here is this—are the sons of a father who has been discharged in bankruptcy and left no estate at all at his death, and who, so far as the record discloses, never gave these sons any of the property, on the strength of which credit was given the father, are they under so strong a moral obligation to pay the father's debts from which he was discharged in bankruptcy, as to support a promise to pay those debts without the slightest benefit passing to themselves? We have been cited to no authority to sustain the affirmative of this proposition, and we have found none ourselves, and therefore we shall rule that the court below erred in striking defendant's plea. How it may be on another trial, what additional facts may be shown

in the way of moral obligation to support this promise we do not know; but if the facts set up in the plea be true, and if the plaintiffs cannot show something else to strengthen the case, we think the facts make such a case as will prevent recovery for the plaintiffs and protect the defendants in resisting the payment of the note.

Let the judgment be reversed.