CASSIDY v. CATON ET AL.

1. **Pleading**: ANSWER: WHEN DENIED. The allegations of an answer or cross-petition, unless the same contains a counter-claim, are deemed to have been denied without further pleading by the plaintiff, and unless supported by evidence the plaintiff is entitled to judgment upon proof of the averments of his petition.

2. **Mortgage**: PAYMENT BY INSTALLMENTS: CONTRACT. It is competent for the parties to a mortgage to contract that upon failure to pay any installment the whole amount shall become due.

*Appeal from Franklin Circuit Court.*

THURSDAY, OCTOBER 18.

ACTION to foreclose a mortgage. The answer admits the execution of the notes and mortgage, and that the same were given in consideration of the conveyance by plaintiff to one of the defendants of the premises described in the mortgage; that said conveyance was a warranty deed, and that at the time it was executed the premises were incumbered by a mortgage executed by the plaintiff, which has been foreclosed; that at the time the defendant purchased the premises the plaintiff falsely and fraudulently represented the premises were free of incumbrance, and that after the execution of said notes and

mortgage the plaintiff undertook and orally agreed with defendants that in consideration of said incumbrance none of the notes should be considered due or payable until a cancellation of such mortgage was procured by plaintiff, which has never been done. It is stated in the answer that one of the defendants signed the notes as surety only, and that defendants have improved the premises to the value of two hundred dollars, and it is asked that the notes and mortgage sued on be delivered up and canceled and that defendants recover a judgment against the plaintiff. The answer also alleges that defendants had paid a certain amount of the purchase money agreed to be paid for the premises. There was a trial to the court, judgment for plaintiff, and defendants appeal.

W. V. Allen, for appellants.

P. O. Cassidy, for appellee.

SEEVERS, J.—The pleading filed by defendants was no doubt intended as both an answer and cross-petition, and we shall so treat it. The record states that the court was proceeding to hear and determine the cause on petition and answer without any evidence or testimony other than the notes and mortgage, when the defendant filed the following motion: "Now come the defendants, and move the court for an order requiring the plaintiff to confess the defendants' answer and cross-bill, or to grant the defendants a trial, and permit them to introduce testimony in support of said answer and cross-bill before signing and enrolling a decree, because the defendants are desirous of appealing this case to the Supreme Court, and the parties do not agree upon the facts, and no trial has been had or evidence been introduced."

Which motion was overruled and defendant excepted.

The record proceeds as follows: "thereafter on the same day the court proceeded to a final hearing and trial of the case on the said petition and answer alone, and without any evidence or testimony except the notes and mortgage."

The appellant insists:

I. That the court erred in overruling his motion. The motion to each of us is a novelty, and we do not think any such 1. PLEADING: practice obtains in this State. The plaintiff cananswer: when denied. not be required to file a pleading confessing, avoiding or denying the allegations in an answer or cross-petition setting up a counter-claim. If no counter-claim is pleaded, the defendant's pleading, whatever it may contain, is denied by operation of law. Code, § 2665.

If a counter-claim is pleaded, or any other matter requiring a denial, and no pleading in response thereto is filed, the material allegations of such pleading are deemed true. Code, § 2712.

In the pleading filed by the defendant no counter-claim or other matter requiring a denial was pleaded, but the allegations thereof were to be taken as denied by operation of law. If, however, we are mistaken in this, then such pleading or the material allegations were deemed to be true, and no testimony to that extent was required of the defendants, therefore no possible prejudice could have resulted from the action of the court.

As the allegations, of the answer or cross-petition were denied without any pleading filed by the plaintiff, the defendants when the plaintiff rested should have proceeded to introduce testimony in support of the allegations of their pleading. This, for some reason, they declined to do. Never having offered to introduce any evidence, they cannot complain if the court gave the plaintiff a judgment if his evidence was deemed sufficient.

II. The defendants insist that the evidence was not sufficient to support the decree, because the notes on their face show 2. MORTGAGE: that several of them were not due. But the mortpayment by installments: gage expressly provided that a failure to pay any contract. note when it became due or the interest thereon when it became payable should have the effect to make the whole amount due, and that the plaintiff might proceed by foreclosure or any other lawful means to make the amount thus becoming due. Counsel do not claim that parties may not so contract.

As to the incumbrance which had been foreclosed, the decree

was exceedingly favorable to the defendants. As they had paid no part of the purchase money, it is questionable at least whether they were entitled to the relief granted in this respect.

AFFIRMED.