University of Des Moines v. Livingston.

## UNIVERSITY OF DES MOINES v. LIVINGSTON.

57 307
92 652
57 307
95 496
57 307
113 638
57 307
139 249

1. **Practice in the Supreme Court:** ASSIGNMENT OF ERRORS. Where the assignment of errors, although informal, works no prejudice the appeal will not be dismissed.

2. **Subscription:** CONSIDERATION FOR. A subscription for the purpose of paying off a debt already incurred, and where no new liability or obligation was assumed upon the faith of the same, is without consideration, and cannot be enforced.

3. ———: ———: EVIDENCE OF IMPROVEMENTS. Evidence of raising money and of making improvements which, if done in consequence of, and relying upon the subscription in question, would constitute a consideration sufficient to support the subscription, was improperly excluded from the jury in this case.

*Appeal from Marion Circuit Court.*

MONDAY, DECEMBER 12.

AN action to recover of the estate of T. C. Livingston, deceased, $731, on account of a subscription of $500 to the University of Des Moines. Under the direction of the court the jury returned a verdict for the defendant. The plaintiff appeals. The facts are stated in the opinion.

*Cole & Cole*, for the appellant.

*Bryan & Bryan*, for the appellee.

DAY, J.—I. The cause was submitted on the 10th day of June, 1881, with a motion of the appellee to dismiss the appeal, because no assignment of errors has been filed in the cause with the clerk of the court nor served on the appellee or his attorneys, ten days before the first day of the trial term, or at any other time. The argument of the appellant was served upon the attorneys of the appellee November 15, and it was filed with the clerk November 16, 1880, six and one-half months before the time at which the cause was submitted. At the conclusion of appellant's argu-

University of Des Moines v. Livingston.

ment the following is found: "In conclusion we submit * * * that the lower court erred in the two rulings to which appellant excepted:

"First. In excluding the evidence of work done and expenses incurred on the strength of the subscriptions, and

"Second in taking the case from the jury when there was evidence tending to show that the subscription was not without consideration."

If this statement had preceded the argument, there can be no doubt that it would have constituted a sufficient assignment of error. The appellee filed a lengthy argument, in which the position of the appellant that the court erred in the above particulars is elaborately discussed. To this the plaintiff filed a reply. No question was made as to the assignment of error until the 8th of June, two days before the cause was submitted. Under the circumstances the appellee has been in no way prejudiced because the assignment of errors did not precede the argument, and the assignment was not made in a more formal manner. In our opinion, the motion to dismiss the appeal should be overruled.

II. The subscription paper is as follows: "For and in consideration of securing to the Baptist denomination of Iowa the property situate in Des Moines, and known as the University of Des Moines, we, the undersigned, hereby bind ourselves individually to pay the sums set opposite our names, when in the aggregate ten thousand dollars is so secured; provided the said amount is pledged by August 1, 1870. Grinnell, March 20, 1869." To this paper the deceased, T. C. Livingston, subscribed $500. Before the last of July, 1869, the subscription amouted to about $12,700. The University of Des Moines is located in the city of Des Moines, and at the time of this subscription was under mortgage amounting, in January, 1869, to $9,000, and maturing the next year. The trustees of the institution purchased the property from the Lutheran denomination in the year 1865

2. SUBSCRIPTION: consideration for.

and the sole purpose of the subscriptions was to meet the indebtedness, and secure the college to the Baptist denomination. After the testimony had all been introduced the defendant moved the court to direct the jury to return a verdict for the defendant for the reasons following, to-wit: "The evidence shows without conflict that the contract or subscription upon which the plaintiff claims to recover in this action was for the sole purpose of raising money to pay off an indebtedness theretofore contracted by plaintiff, and existing against it before the defendant's decedent, or any other person subscribed thereto; and that the gift promised by defendant's decedent was for that express purpose, and the said promise, donation, and subscription are without consideration and cannot be enforced." The court sustained this motion, and directed the jury to find for the defendant. To this action the plaintiff excepted.

A written contract imports a consideration. It is, however, competent to show a failure of consideration to defeat an action upon the contract, the burden of proof being upon the defendant. The question involved in this case is, whether the proof shows without conflict that the subscription sued upon was without consideration. In *Cottage Street Methodist Episcopal Church v. Kendall*, 121 Mass., 528, which is comparatively a recent case, and which contains the latest utterance of the Supreme Court of Massachusetts upon the question of subscriptions, the following language is employed: "The performance of guaranteed promises depends wholly upon the good will which prompted them, and will not be enforced by the law. The general rule is that in order to support an action the promise must have been made upon a legal consideration moving from the promisee to the promisor. *Exchange Bank v. Rice*, 107 Mass., 37. To constitute such consideration, there must be either a benefit to the maker of the promise, or a loss, trouble, or inconvenience to, or a charge or obligation resting upon, the party to whom the promise is made."

In this case most of the Massachusetts cases cited by appellant's counsel are referred to, and it is declared that, "in every case in which this court has sustained an action upon a promise of this description, the promisee's acceptance of the defendant's promise was shown either by express vote or contract assuming a liability or obligation, legal or equitable, or else by some unequivocal act; such as advancing or expending money, or erecting a building in accordance with the terms of the contract, and upon the faith of the defendant's promise." In this case the plaintiff did not enter into any undertaking on account of the subscription in suit. The college building had been purchased, and the debt in question had been contracted before that time. The plaintiff did not even obligate itself to raise the sum of $10,000. The case is in principle very like *Stewart v. Trustees of Hamilton College*, 2 Denio, 403; same case, 1 N. Y., 581, in which it was held there could be no recovery. See *Limerick Academy v. Davis*, 11 Mass., 113. In most of the authorities cited by appellant it will be found that the promisee entered into some undertaking, asssumed some liability, or made some promise upon the faith of the subscription sought to be enforced. Nothing of the kind was done in this case. In our opinion the court did not err in directing a verdict for the defendant, upon the proof admitted.

III. J. F. Childs, upon being recalled as a witness for the plaintiff, testified as follows: "I reported that first subscription,

3. ——: ——: and the way it stood, about $13,000, to a large evidence of improve- meeting of the board of trustees, and by direction ments. of the trustees, I went to work and obtained $3,000 in money, and put a cupola on the college building, and made some other improvements." Upon motion of the defendant, this evidence was excluded from the jury. This action of the court is assigned as error. Although the witness does not in terms testify that he was directed to raise the $3,000, and put a cupola upon the building, and make the other improvements, because a subscription had

been obtained to relieve the institution of its debt; still we think that if a jury should find the fact to be so from what the witness does state, we would not feel ourselves called upon to set aside such verdict as wanting support from the testimony. If the plaintiff, in consequence of, and relying upon, the subscription in question, incurred the expense and trouble of raising an additional $3,000, and of expending it in improvements upon the college building, this would, under the authorities, constitute a consideration sufficient to support the subscription. See *Thompson v. Paige*, 1 Met, 565; *University of Vermont v. Buell*, 2 Vt., 48; *Ladies' Collegiate Institute v. French*, 16 Gray, 196; *Trustees Amherst College v. Cowles*, 6 Pick, 427; *Trustees Williams College v. Danforth*, 12 Pick, 541; *Watkins v. Eames*, 9 Cush., 537; *Merick v.* *French*, 2. Gray 420; *McAuley v. Billinger*, 20 Johns, 89; *Barnes v. Perine*, 18 N. Y., 18; *Pitt v. Gentle*, 49 Mo., 74; *Caul v. Gibson*, 3 Penn. St., 416; *Methodist Church v. Garvey*, 53 Ill., 401; *Robertson v. March*, 3 Scamm., 198; *Simpson Centenary College v. Bryan*, 50 Iowa, 293.

The appellee insists that this evidence was properly excluded because not pertinent to any isssue in the case. The written subscription imports a consideration, and hence it was not necessary for the plaintiff in its petition to aver that it was founded upon a consideration. It was incumbent upon the defendant to aver the want of consideration. This the defendant did in these words: "Denies any consideration whatever, and states that at the time the contract set out was signed by decedent the Des Moines University was indebted in about the sum of $9,000, and that the subscription was obtained solely for the purpose of paying said indebtedness; that decedent never received any benefit, advantage, or consideration for said promise, either directly or indirectly, nor the claimant any detriment in any way by reason thereof, and, therefore, said subscription was without consideration and void and that neither decedent nor his estate is liable thereon."

The appellant claims that without a reply in the nature of a confession and avoidance the proffered evidence is inadmissible. Section 2665 of the Code provides: "There shall be no reply except:. 1. Where a counter-claim is alleged; or, 2. Where some matter is alleged in the answer to which the plaintiff claims to have a defense, by reason of the existence of some fact which avoided the matter alleged in the answer." Now it is evident that the plaintiff does not seek to avoid the allegation of the answer that the plaintiff had sustained no detriment on account of the subscription, but to disprove it. No reply, therefore, was required, or was proper. The allegations of the answer are deemed denied. *Cassidy v. Caton*, 47 Iowa, 22. In our opinion, the court erred in excluding this evidence from the jury, and for this reason the judgment is

REVERSED.

BECK, J., took no part in the determination of this case.