## McCABE v. O'CONNOR.

1. **Contract:** SUBSCRIPTION: PAROL TO VARY. A subscription becomes a contract when accepted by the beneficiary, and acted upon by the incurring of an obligation or the expenditure of money; (*University of Des Moines v. Livingston*, 57 Iowa, 311;) and, when in writing, it cannot be varied by parol evidence of an understanding between the subscriber and the person who circulated it.

*Appeal from Page Circuit Court.*

TUESDAY, JUNE 15.

THE plaintiff, James McCabe, shows that in 1879 he contributed five dollars to assist the defendant, Belle O'Connor, a poor sewing woman, to erect a small and inexpensive dwelling-house for herself. He now brings this action in equity to obtain a decree for the sale of the house, and for the repay-

ment to him from the proceeds of the five dollars contributed, or so much of the five dollars as shall appear to be his equitable share of the proceeds. The case was referred to a referee, and twenty-five witnesses were examined. The referee reported in favor of the defendant. The court approved the report, and dismissed the petition. Plaintiff appeals.

*James McCabe*, for himself, appellant.

*Stockton & Keenan*, for appellee.

ADAMS, CH. J.—The plaintiff was one of several subscribers to a fund, the whole amount of which appears to have been about $150. To that the defendant added between $60 and $70, and, with the fund so subscribed and added to, the house in question was erected. The defendant occupied the house for a time, but recently her circumstances have become such that it has become desirable for her to live elsewhere, and she now desires to rent or sell it. This action is brought to prevent her from doing so, and to dispose of it as above set forth. The plaintiff claimed that his contribution was not a gift to the defendant, but an advancement of money to assist in erecting a house for the defendant's use during such time as she should see fit to occupy it. The subscription paper appears to have been circulated by one Read, and the plaintiff set up the parol understanding between him and Read. The defendant insists that the plaintiff should be governed by the terms of his subscription, which were as follows:

"SHENANDOAH, December 6, 1879.

"We, the undersigned, agree to pay the amount set opposite our several names to Mrs. O'Connor, to assist her in building a house."

A subscription becomes a contract when accepted by the beneficiary, and acted upon by the incurring of an obligation or expenditure of money. See *University of Des Moines*

*v. Livingston,* 57 Iowa, 311, and cases cited. The defendant, in accepting the plaintiff's money, and in adding her money to it, and using the same in the erection of a house, must be deemed to have done so under the terms of the writing by which the plaintiff's money was subscribed; and it is immaterial what understanding existed by parol between the plaintiff and Read, or any one else. By any fair construction of the writing, the subscription must be deemed to have been made as a gift. The defendant had a right to so consider it, and expend her money with that view. We may assume that but for the plaintiff's subscription and that of others she would have used her money otherwise. We see no way in which the plaintiff's claim can be sustained.

AFFIRMED.