COTTAGE HOSPITAL V. SAMUEL MERRILL, Appellant.

Subscription Construed. A subscription recited that, whereas, a hospital was about to be erected "I hereby subscribe one hundred dollars for this purpose, and further, as a soldier's memorial, I agree to support three beds therein at two hundred and fifty dollars each per annum from completion of building. Beds to be for use of soldiers, but always for use when there are no soldier applicants." *Held*, the contract is entire and the undertaking to build the hospital supports both promises, though the hospital made no argeement to set the beds apart for soldiers. Setting apart a ward with four beds, naming it after subscriber, and never refusing admission to soldiers fully performs the contract. The contract did not require the giving of notice that provision had been made for soldiers.

*Appeal from Polk District Court.*—HON. S. F. BALLIET, Judge.

SATURDAY, DECEMBER 15, 1894.

ACTION at law to recover the amount alleged to be due on a subscription to the Cottage Hospital at Des Moines. There was a trial by jury, and, at the close of the introduction of the evidence, the court, on motion of the plaintiff, directed the jury to return a verdict for the amount claimed in the petition. From a judgment on the verdict the defendant appeals.— *Affirmed.*

*Gatch, Connor & Weaver* for appellant.

*Berryhill & Henry* for appellee.

ROTHROCK, J.—The suit is founded upon a written instrument, of which the following is a copy: "Whereas, the managers of Cottage Hospital are about to erect a new building, 40x40 feet, on their grounds in the city of Des Moines, I do hereby subscribe for this purpose the sum of one hun-

dred dollars, payable when said sum shall pay the last bills of the. completion. And, further, as a soldier's memorial, I agree to support three beds in said hospital, at a cost of two hundred and fifty dollars each per annum, for ten years from date of completion of said building. The money for this support to be paid to the treasurer of Cottage Hospital, payments quarterly. These beds all for the use of soldiers, but always for use when there are no soldier applicants. (Signed) Samuel Merrill. Des Moines, Iowa, May 27, 1887." It appears that the defendant paid the one hundred dollars, which was subscribed for the purpose of completing the building; and the quarterly payments were made for the support of the three hospital beds until September 1, 1891. No question is made as to the completion of the building. It is claimed, however, that the payment of the quarterly installments of the subscription was rightfully withheld, because the object the defendant had in view was to provide for the care of sick and disabled soldiers needing assistance, with the understanding that the three beds should be set apart and maintained free of charge "as a soldier's memorial," and that it should be made known that they were so set apart and maintained, so that soldiers in need of care and attention might avail themselves thereof. And it is averred in the answer, in substance, that neither three nor any other number of beds have been set apart as a soldier's memorial, or to be occupied by sick and disabled soldiers; and that no notice, public or private, has been given that said provision was made for soldiers; and that by reason of such neglect of the plaintiff, the beds have been generally occupied by persons other than soldiers; and that, if the plaintiff had, in a reasonable and proper manner, made known the fact of such provision, said beds would generally, if not all the time, have been occupied by needy and deserving soldiers.

It appears that, when the new building was completed, four beds were placed in a ward called "Merrill's Ward." There is no evidence that the officers, or attendants, of the hospital at any time refused to admit sick or disabled soldiers by whom or in whose behalf application was made for care and treatment in the hospital. And the fact is that, up to the time of the trial, there had been but few soldier patients in the hospital; and it appears that the hospital authorities did not at any time, in any official way, by notice or otherwise, give publicity to the fact that there were three beds in the hospital to which sick soldiers had the preference over other patients. This contract is self-explanatory. It is not such a writing as can be added to, or varied, by parol evidence. There was no requirement in the subscription paper that the hospital authorities should give notice of the fact that provision was made by the defendant for the care of soldiers. All of the evidence offered upon that subject was incompetent, and most of it was properly excluded by the court.

It is claimed in behalf of appellant that the contract of subscription is without consideration and void, because the plaintiff never promised to set the beds apart for the use and benefit of soldiers; and it is urged that the contract should be construed so that the promise to pay for the three beds was not in consideration of the erection of the building. The thought is that the one hundred dollars named in the first paragraph of the instrument was for the erection of the building, and that the provision for three beds for soldiers is another and separate provision, for another purpose, which the plaintiff never at any time agreed to perform. We do not think this is a proper construction of the contract. It is true that the one hundred dollars was to be devoted to the completion of the building. But the providing of wards and beds was

just as necessary as the building itself, and because part of the subscription was for the furnishing of the hospital is no reason for holding that there was no consideration for that part of the contract.

Both parties agree that "a subscription becomes a contract when accepted by the beneficiary and acted upon by the incurring of an obligation or expenditure of money." The language we have quoted is taken from the case of *McCabe v. O'Connor*, 69 Iowa, 134, 28 N. W. Rep. 573. See, also, *University v. Livingstone*, 57 Iowa, 311, 10 N. W. Rep. 738, and cases there cited. When the plaintiff furnished the hospital with beds, and set apart a ward with four beds, and named it the "Merrill Ward," and never at any time refused an application for admission to the ward in behalf of any soldier, it was a complete performance of the contract. The judgment of the district court is AFFIRMED.