The First Methodist Episcopal Church in Fort Madison, Iowa, Appellant, v. E. M. Donnell.

**Subscription:** what constitutes writing. A subscription paper to a church fund, containing an unqualified promise to pay, was read to the congregation, and the parties desiring to subscribe, announced the amount, and the name and the amount were placed on the list by those acting for the church with the consent of said subscribers. *Held,* that defendant's subscription so obtained constituted a contract in writing.

**2** Consideration. A written subscription imports a consideration.

**Demurrer.** A demurrer that the allegations of the petition are contradictory and inconsistent, if a ground for a demurrer, should point out wherein the statements are inconsistent.

*Appeal from Lee District Court.*—Hon. J. M. Casey, Judge.

Monday, October 7, 1895.

Action on a subscription for the erection of a church. Judgment for the defendant, and the plaintiff appealed.—*Reversed.*

*T. B. Snyder* for appellant.

*O. C. Herminghausen* for appellee.

Granger, J.—The petition, as originally filed, asked to recover on a subscription for the purpose of erecting a church and parsonage. A motion to make the petition more specific was sustained, and the petition was amended by showing that, at the time of the subscription, a paper was presented commencing, after the date,

as follows: "We, whose names are subscribed hereto, agree to pay the amount set opposite our names for the liquidation of the indebtedness of the First M. E. Church in this city." This is followed by certain conditions as to payments. Among other names to the paper is: "Mrs. Bonnell, $300.00." The date is April 15, 1888. Mrs. Bonnell is the defendant, her name being now Donnell, because of a subsequent marriage. The petition contains averments that the church and parsonage were erected relying on the subscriptions, and a second amendment shows that the subscriptions, were taken by the subscription paper being read to the congregation, and the parties desiring to subscribe would announce the amount, and the name and amount were placed on the list by those acting for the church, "with the knowledge and consent of said subscribers." The petition further shows that the defendant has made three payments on said subscription, amounting to four dollars. The petition was filed May 23, 1893, and the subscription was made, as we have stated, April 15, 1888. To the petition there was a demurrer; which the court sustained, on the ground that the action was barred by the statute of limitations. In so holding, the court evidently acted on the belief that the contract of subscription was verbal rather than in writing. The body of the writing to which defendant's name appears is an unqualified promise to pay by those whose names should appear below. The petition states in substance, and the demurrer admits, that the defendant authorized her name to be placed to the instrument for the payment of three hundred dollars. It further shows that afterward she recognized the contract by making payments on the subscription. The promise to pay is in writing, and the liability to pay is because the name is subscribed thereto. Defendant made no other contract than to pay because her name was subscribed to the written promise. She

admits that she authorized another to place her name there. We regard the contract as in writing. It is well settled that an instrument is valid when the name of the obligator is placed to it by authority. It is as if she had placed her own name to the paper. The contract being in writing, the limitation period is ten years.

The demurrer also presented the question of a want of consideration. A contract in writing purports a consideration. Code, section 2113. *University of Des Moines v. Livingston,* 57 Iowa, 307 [10 N. W. Rep. 738]. If the question of a want of consideration is presented, it must be by answer. See Code, section 2114.

A further ground of the demurrer is that the claims or allegations of the petitions are contradictory and inconsistent. Without saying that such a ground of demurrer is authorized, it is sufficient to say that it is too indefinite, in not pointing out wherein the statements are contradictions or inconsistent. The demurrer should have been overruled.

There was another amendment to the petition which the court struck from the files of which action complaint is made, and appellee moves to strike from the abstract certain affidavits pertaining to such amendment, but, with this disposition of the case, those matters become immaterial, and they need not be considered. The judgment is *reversed.*