MARTIN ANDERSON v. PETER O. NYSTROM and Another.[1]

January 24, 1908.

Nos. 15,376—(170).

**Statute of Limitations—New Promise.**

To infer a new promise from the fact of part payment of an obligation already barred by the statute of limitations, the debt or obligation must be definitely pointed out by the debtor and an intention to discharge it in part made manifest.

**Same—Payment on Debt.**

Where the creditor holds several separate claims, and the debtor makes a general payment upon his indebtedness, without directing or authorizing the application thereof upon any one of the claims, all of which are then barred by the statute, the bar of the statute is not removed as to any of them. Smith v. Moulton, 12 Minn. 229 (352), applied.

**Consideration of Contract.**

To constitute a mere promise to refrain from doing an act a consideration sufficient to support a contract, an advantage must accrue therefrom to the promisee or a loss or disadvantage be sustained by the promisor.

[1] Reported in 114 N. W. 742.

**Same—Note of Debtor's Heirs.**

A promise to make the estate of a deceased person no trouble in the matter of attempting to enforce claims against it, where the claims are barred by the statute of limitations and the estate of the deceased person is insolvent, does not constitute a sufficient consideration for a promissory note given by the heirs of the deceased person.

Action in the district court for Wright county to recover $475 on a promissory note. The case was tried before Giddings, J., who directed the jury to return a verdict in favor of defendants. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, plaintiff appealed. Affirmed.

*W. H. Cutting,* for appellant.

*C. M. Ferguson,* for respondents.

BROWN. J.

The facts in this case are as follows: One Ole Nystrom was, in his lifetime, indebted to plaintiff in the sum of $300, and made and delivered to him his three promissory notes therefor, as follows: One dated December 29, 1888, for $100, due three months thereafter; one dated June 20, 1889, for $100, due in three months; and one dated March 23, 1891, for $100, due November 1, following. On April 27, 1898, after the notes were all barred by the statute of limitations, Nystrom gave his son Peter, one of the defendants in this action, $50, directing him to pay it to plaintiff upon the indebtedness represented by the notes. The money was paid to plaintiff accordingly, who, without any instructions from Nystrom or his son, who paid over the money, indorsed as of that date $25 upon one and $25 upon another of the three notes so held by him. Thereafter, on May 1, 1902, Nystrom died, and his estate was insolvent. On September 22, 1902, defendants, sons of Nystrom, called upon plaintiff and stated that they came to ascertain what claim he had against their father's estate. Whereupon plaintiff produced the promissory notes already referred to, computed the interest due thereon, and stated that his claim was $475. Thereupon, in consideration of the surrender of the old notes and plaintiff's promise not to make the estate "any trouble on account of them," defendants made and delivered to him the note in suit, promising thereby to pay plaintiff $475 on October 1, 1903. They

failed to pay the note, and plaintiff brought this action to recover the amount due thereon. Defendants answered, denying that "they or either of them either made, executed, or delivered the promissory note mentioned in said complaint for value received, and allege that they did not, nor did either of them, receive any consideration for said promissory note." At the trial a verdict was directed for defendants, and plaintiff appealed from an order denying his alternative motion for judgment notwithstanding the verdict or for a new trial.

The primary question presented, aside from the contention of plaintiff that the answer states no defense to the action, is whether defendants received any consideration for the note in suit, and this involves the further questions: (1) Whether the old notes were barred by the statute of limitations at the time the note in suit was given; and (2) even though they were barred, whether the promise of plaintiff to make the estate no trouble on account of the old notes furnished a sufficient consideration for the note in suit. We dispose of the claim that the answer fails to state a defense without extended discussion. It affirmatively alleges that defendants received no consideration for the note. This we think sufficient to admit the defense relied upon at the trial, the merits of which are now before us, and we come directly to the principal questions in the case.

1. The first question, namely, whether the old notes were barred by the statute of limitations when the note in suit was given, is controlled by the effect to be given to the payment of $50 in 1898. The facts upon this question are not in dispute. At the time the payment was made, plaintiff held three notes against Nystrom. The payment was made generally upon the indebtedness due plaintiff, and no directions were given that it be applied upon any particular note. All the notes were then outlawed, and plaintiff of his own motion applied one-half of the amount paid upon each of two of them. It is claimed by plaintiff that this payment and application was sufficient to revive the two notes, and that they were valid obligations of Nystrom when the note in suit was given. We are unable to concur in this contention.

In order to infer a new promise from part payment of an obligation already barred by the statute of limitations, the debt must be definitely and specifically pointed out, and an intention to discharge it in part

made manifest. This must appear from the act of the debtor, as no new promise can be inferred from the conduct of the creditor in applying the payment upon one of several obligations. The authorities are quite uniform in holding that where the creditor has several separate demands, and payment is made by the debtor upon his indebtedness, without specifying any particular debt or demand, the payment does not operate to revive any of the debts or obligations. Smith v. Moulton, 12 Minn. 229 (352). In that case it was held that a general acknowledgment of indebtedness by a debtor to a creditor holding several claims against him does not remove the bar of the statute as to any particular debt. It there appeared that plaintiff held three promissory notes against defendant, who, after they were barred, made in writing a general acknowledgment of indebtedness, and because no particular note was indicated by the acknowledgment the court held that neither was revived. See also Whitney v. Reese, 11 Minn. 87 (138). No distinction can be made on principle between a written acknowledgment and part payment. In the case of the written acknowledgment, express recognition of the existing indebtedness and an intention to revive it is shown; while, in the case of part payment, the recognition and intent to revive is an inference the law raises from the part payment.

The decisions of this court in the cases cited would seem to be the rule both in England and in the other states in this country, though in this country the authorities are not harmonious. Wood, Lim. 110. In Burn v. Boulton, 2 C. B. 476, it was held that, where there are two clear and undisputed debts, the case is not taken out of the statute of limitations as to either by a part payment not specifically appropriated to one debt or the other. The appropriation or application must be by the voluntary act of the debtor, for it is his act which removes the bar of the statute. Wolford v. Cook, 71 Minn. 77, 73 N. W. 706, 70 Am. St. 315; Mills v. Fowkes, 5 Bingh. N. C. 455; Tippetts v. Heane, 1 Cromp. M. & R. 252; Armistead v. Brooke, 18 Ark. 521; Ramsay v. Warner, 97 Mass. 8; Pond v. Williams, 1 Gray (Mass.) 630; Blake v. Sawyer, 83 Me. 129, 21 Atl. 834, 12 L. R. A. 712, 23 Am. St. 762. In the case of Landis v. Roth, 109 Pa. St. 621, 1 Atl. 49, 58 Am. 747, three promissory notes were involved, and the

court held that a promise to pay a debt barred by the statute of limitations will operate to remove the bar of the statute only when the particular debt is unequivocally identified. "Any uncertainty," says the court, "either in the acknowledgment or identification of the debt, is fatal." For a general collection of authorities on the subject, see 25 Cyc. 1332, 1371, Wood, Lim. § 110.

The case of Ayer v. Hawkins, 19 Vt. 26, if it be said to sustain plaintiff's contention, is at variance with the rule adopted by this court in the cases cited, which we feel constrained to follow and apply.

Of course, where a payment is made to a creditor holding several distinct claims, and no directions are given by the debtor to apply it upon any definite claim, the creditor may apply it upon any one, or distribute it among all the claims he holds; and, if they be not then barred, such application will interrupt the running of the statute from the date of payment. But where some of the claims are barred, though the creditor may apply the payment thereon, no specific application being made by the debtor, he has no implied right to so apply it for the purpose of removing the bar of the statute, and such application by him will not have that effect. Nash v. Hodgson, 6 De Gex, M. & G. 474; Ramsay v. Warner, 97 Mass. 8; Brown v. Johnson, 20 La. An. 486; 8 Columbia Law Rev. 51. It follows, therefore, that the old notes were not revived by the payment of $50 made under the circumstances stated, and their surrender to defendants furnished no sufficient consideration for the note in suit.

2. We pass, then, to the second question—whether plaintiff's promise to make the estate of Nystrom no trouble constituted a valid legal consideration.

We find no difficulty in disposing of this branch of the case. The old notes were outlawed, and the estate was insolvent. Defendants were neither legally nor morally bound to pay them, and there was no trouble plaintiff could make, conceding that a promise to refrain therefrom would constitute a sufficient consideration for the new note. Whatever efforts plaintiff would have been able to make to collect the old notes from the estate would have been fruitless. He lost nothing by his promise, and was deprived, at most, of a little recreation in pursuing in the probate court an insolvent estate. A promise to

refrain from resorting to legal means to enforce a valid obligation‚ might in a proper case furnish a valid consideration for a promise by a third person to pay the same; but in a case like this, where the claim threatened to be enforced was invalid and worthless, and not the obligation of the promisee, a promise not to attempt to enforce it, or to refrain from making trouble concerning it, is not a consideration recognized in the law as valuable. Didlake v. Robb, 1 Woods, 680, Fed. Cas. No. 3,899; Taylor v. Weeks, 129 Mich. 233, 88 N. W. 466; McElven v. Sloan, 56 Ga. 208; Schroeder v. Fink, 60 Md. 436.

It is well established that to constitute a mere promise to refrain from doing an act a consideration sufficient to support a contract, an advantage must accrue therefrom to the promisee, or a loss or disadvantage be sustained by the promisor. Day v. Gardner, 42 N. J. Eq. 199, 7 Atl. 365; Cottage v. Kendall, 121 Mass. 529, 23 Am. 286; University v. Livingston, 57 Iowa, 307, 10 N. W. 738; 42 Am. 42; note to Hamer v. Sidway (N. Y.) 12 L. R. A. 465. Neither appears in this case. Neither party lost or gained by plaintiff's promise. The case is unlike Perkins v. Trinka, 30 Minn. 241, 243, 15 N. W. 115, cited by appellant, where the parties settled and compromised doubtful and questionable rights. No doubtful or questionable rights or obligations are involved in the case at bar.

For these reasons, the learned trial court properly directed a verdict for defendants.