'A. C. WILSON v. ROBERT BLACKWOOD.[1]

January 3, 1913.

Nos, 17,931—(136).

**Statute of limitations — application of credit — evidence.**

Evidence *held* sufficient to justify a finding that a sum of money in the hands of plaintiff as the proceeds of property sold for defendant was applied, with defendant's consent, as part payment of an overdue account held by plaintiff against him, and that such application tolled the statute of limitations and prevented the bar of plaintiff's cause of action for the balance due on the account.

**No prejudicial error.**

The record presents no reversible errors.

Action in the district court for Morrison county to recover $587.26. The facts are stated in the opinion. The answer pleaded payment

[1] Reported in 139 N. W. 151.

---

Note.—On the question of revival of barred debt by application of general payment, see note in 13 L.R.A.(N.S.) 1141.

and the statute of limitations. The case was tried upon the testimony taken before a referee, before Taylor, J., who made findings and ordered judgment for the sum of $479.67 in favor of plaintiff. Defendant's motion to amend the findings of fact and conclusion of law was denied. From an order denying a new trial, defendant appealed. Affirmed.

*Benton, Molyneaux & Morley,* for appellant.

*C. Rosenmeier,* for respondent.

BROWN, J.

The complaint in this action contained two separate causes of action, one in favor of plaintiff personally, and the other in favor of A. C. Wilson & Co., a copartnership, of which plaintiff is the surviving partner. The first cause of action was in favor of Wilson & Co. for goods sold and delivered; the second, in favor of plaintiff personally for goods sold. The evidence was taken before a referee, and the cause was thereafter, on stipulation, submitted to the court upon the evidence so reported. The court found the second cause of action barred by the statute of limitations, but ordered judgment for plaintiff on the first, or the cause of action in favor of Wilson & Co. Defendant subsequently moved for a new trial, and appealed from an order denying the same.

1. The principal question on this appeal is whether the cause of action on which recovery was allowed was at the time of the commencement of the action barred by the statute of limitations. Our examination of the record leads to the conclusion that the findings of the trial court are supported by the evidence and cannot be disturbed. It appears that the firm of A. C. Wilson & Co. was composed of plaintiff, A. C. Wilson, and his father, Isaac P. Wilson. The latter died long before the commencement of the action, leaving plaintiff the sole surviving partner. The copartnership was never dissolved, except by the death of the member stated, and his estate has never been probated. Between May 5, 1898, and June 18, 1904, the firm sold and delivered goods and merchandise to defendant of the value, in the aggregate, of $454.07, and during the same period loaned defendant at different times the sum of $245.23, making a total indebtedness of

$719.30, no part of which has been paid, except the sum of $239.63. The payments were made on different dates, the last two of which, as appears from the account book of the firm, were on April 27, 1908, and April 30, 1908.

The question whether the account is barred centers about these payments. If they were not made, or if made, were improperly credited upon this particular account, the account is barred, for without these payments it was six years overdue when the action was commenced. It appears from the record, and the trial court was justified in so finding, that at about the date of the two payments referred to defendant delivered to plaintiff a certain quantity of oats to be sold and accounted for; that the oats were sold, and the proceeds credited upon the account. While it does not appear that the oats were originally delivered to plaintiff with the purpose that the proceeds should be so applied, it does sufficiently appear, from plaintiff's evidence, that after the sale of the oats defendant consented to their application upon this indebtedness. Plaintiff then held two accounts against defendant, his individual claim, and the account due the firm. Defendant gave no directions upon which of the two the money should be applied. The plaintiff applied the amount upon the Wilson & Co. account, which was not then outlawed; his personal claim being at the time barred by the statute. Defendant denied that he so consented, and denied, further, that he delivered the oats to plaintiff at all, claiming that they were delivered to one George Wilson, a brother of plaintiff, and that the mother of George paid for them. Defendant also denied that Wilson & Co. had an account against him.

The evidence presented a square conflict upon vital questions in the case and the court resolved them against defendant. We find no sufficient reason for disapproving the conclusion of the trial court. The facts as found bring the case within the rule that where a payment is made to a creditor having several distinct claims, not then barred by the statute, and no directions are given by the debtor to apply it upon any particular claim, the creditor may apply it upon any one of the claims, and such application will interrupt the running of the statute from the date of the payment. Anderson v. Nystrom, 103 Minn. 168, 114 N. W. 742, 13 L.R.A.(N.S.) 1141, 123 Am. St. 320,

14 An. Cas. 54. Plaintiff testified that he stated to defendant that the proceeds of the oats would be applied upon his "old account," and that defendant gave his consent. This defendant denied. It was for the trial court to determine the truth in this respect, and also whether the parties then had in mind the old Wilson & Co. account. In any event, if the defendant consented to the application upon his indebtedness, without directions as to which, plaintiff had the right, under the authorities, to apply it upon the claim not then barred by the statute, which was the Wilson & Co. account.

2. The other questions presented do not require special discussion. There was no abuse of discretion in permitting plaintiff to amend his complaint, nor error in any of the rulings upon the admission of evidence. The evidence sustains the findings, and the order appealed from must be affirmed.

Order affirmed.