EINAR ASKIER v. M. F. DONNELLY.[1]

November 2, 1923.

No. 23,599.

**Oral promise to pay debt of another unenforceable under statute of frauds.**

Evidence that tools were delivered to third persons on promise of defendant to pay for them. Promise denied by defendant. On appeal finding of trial court for defendant conclusive on such record. Promise to pay debt of another brings case within statute of frauds, which requires writing signed by promisor, stating the consideration. [Reporter.]

Action in the municipal court of Minneapolis to recover $208.56. The case was tried before Reed, J., who made findings and ordered judgment in favor of defendant. Plaintiff's motion for amended findings and conclusions, or for a new trial, was denied. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

*John M. Nelson,* for appellant.
*Herbert T. Park,* for respondent.

PER CURIAM.

Plaintiff brought this action to recover $208.56 for some tools which he alleged he had sold to defendant, and, at defendant's instance, had delivered to George Schmidt and A. Rounds. It appears that Schmidt had agreed to cut a quantity of timber for defendant and that Rounds was associated with him as a sort of silent partner. Plaintiff testified to the effect that Schmidt and Rounds came to his store and said that they were going to work for defendant and wanted to get some tools; that he refused to sell to them on credit; that at their instance he called defendant by telephone and told him what Schmidt and Rounds had said and what they wanted; that defendant said to him: "Give them the tools and I will see that you get your pay"; and that, on receiving this assurance, he sold the tools and some camp utensils and charged them to "George Schmidt and A. Rounds, Job Donnelly." Defendant denied having any such conversation with plaintiff or making any such promise. The trial court found that plaintiff had failed to establish a contract or cause of action and directed judgment for defendant. Plaintiff appealed from an order denying a new trial.

[1]Reported in 195 N. W. 494.

Plaintiff testified that defendant promised to see that the tools were paid for. Defendant denied making any such promise. On this state of the record, the finding of the trial court is conclusive on this court. But, if we could reject defendant's testimony and take plaintiff's version of the transaction, it would not entitle plaintiff to recover, for defendant did not promise that he would pay for the tools himself, but only that he would see that plaintiff was paid for them. The language which plaintiff says was used did not recognize the debt as defendant's own debt, but as the debt of another which defendant promised to see paid, and would bring the case within the provision of the statute of frauds which declares a promise for the debt of another unenforceable, unless evidenced by a writing expressing the consideration and signed by the promisor. 3 Dunnell, Minn. Dig. § 8867; 29 Am. & Eng. Enc. (2d. ed.) 906, et seq.

Plaintiff challenges several rulings made at the trial. We find no error in them, but, even if erroneous, they involved nothing which would affect the result. The alleged newly discovered evidence was not of a character to require or justify a new trial.

Order affirmed.