## NELS BRUCE v. J. A. WALTERS.[1]

May 23, 1930.

No. 27,964.

[1]Reported in 231 N. W. 16.

*James C. Melville,* for appellant.
*Elliott, Coursolle & Kelly,* for respondent.

HILTON, J.

Plaintiff appeals from an order denying his alternative motion for judgment non obstante or for a new trial.

Action to recover $16,265.59 with interest. The case was tried to a court and jury. Plaintiff having rested at the close of his evidence, defendant also rested. The latter's motion for a directed verdict was granted.

The Ambassador Holding Company, a Minnesota corporation (hereinafter referred to as the company), employed plaintiff, a building contractor, to superintend the construction of two apartment buildings that the former was erecting in Minneapolis. Plaintiff was to receive $8,000 for his services. In order to finance the construction of the buildings the Investors Syndicate of Minneapolis agreed to loan the company $75,000 on each building and to furnish the necessary money in instalments at different periods. The syndicate required the company to furnish a bond against mechanics' liens in the amount of $35,000 on each building. In order to secure such bonds the company requested plaintiff to sign the same with it as a principal. Plaintiff so signed as an accommodation maker. The Royal Indemnity Company acted as surety on said bonds. Plaintiff testified that he expected the company to pay any liens that might be filed against the property.

Under the arrangement plaintiff proceeded with the construction and completion of the buildings. All of the material and labor used was purchased and contracted for in the name of the company. Mechanics' liens were filed against the property; foreclosure proceedings were instituted thereon on February 27, 1923. Plaintiff was not made a party to the action and did not join therein. The company settled with him for his services in April, 1923. While

the action was pending plaintiff was informed that ·the company intended to sell and deed the property to defendant.

Plaintiff testified that in August, 1923, he called upon defendant and advised him as to the situation, stating that he objected to defendant's taking the property unless defendant agreed to pay the liens; that defendant then orally stated that he had decided to pay and intended to take care of the liens; that plaintiff agreed "to leave off any action which he might have against said property." Plaintiff further testified that he was not sure what right of action he had and did not disclose any details thereof to defendant. The only interest which plaintiff claimed he had in the property was because of the fact that liens had been filed against it and that he had joined the company in signing the bonds against liens. Plaintiff did not state to defendant that he would release the company from the latter's liability to plaintiff arising from his signing the lien bonds as an accommodation maker.

On October 11, 1923, the company conveyed the property to defendant. Shortly thereafter an action was commenced by a creditor against the defendant and the company to have the conveyance to defendant set aside as fraudulent as to creditors. A temporary receiver was appointed. Plaintiff joined in said action and filed his pleading therein prior to January 1, 1924. On March 7, 1925, a judgment was docketed in the lien foreclosure action in favor of the lien claimants and was made a specific lien on the property. The property was sold on May 28, 1925, to satisfy the lien claims. On May 25, 1926, before the year to redeem had expired, the surety company paid the lien claimants and took from them quitclaim deeds to the property (not an assignment of the sheriff's certificates). On June 25, 1926, the indemnity company commenced an action against plaintiff to recover the amount it had paid the lien claimants. Plaintiff interposed a verified answer. Before the case was called for trial plaintiff effected a settlement with the indemnity company. On February 25, 1927, the latter dismissed the action with prejudice.

In September, 1927, plaintiff commenced this action against defendant, basing his right to recover on the ground that he was com-

pelled to make payment to the indemnity company because of his liability on the bonds and that defendant had promised to pay the liens.

The decision of the trial court was predicated upon the propositions that the contract (agreement between plaintiff and defendant) was an oral one and within the statute of frauds; and that the contract was without consideration.

█ Plaintiff signed the bonds as accommodation maker and expected the company to pay the liens if there were any; it was primarily liable thereon; plaintiff was secondarily liable if the company did not pay them. The company did not pay them. The bonds were issued and delivered to the syndicate; not to the lien creditors. Defendant did not promise to pay the plaintiff if any loss was sustained by him on account of said liens, nor did the defendant agree to pay the syndicate or anyone else except the lien claimants.

G. S. 1923 (2 Mason, 1927) § 8456 (statute of frauds) provides:

"No action shall be maintained, in either of the following cases, upon any agreement, unless such agreement, or some note or memorandum thereof, expressing the consideration, is in writing, and subscribed by the party charged therewith: * * * (2) Every special promise to answer for the debt, default, or doings of another."

The agreement between the parties was an oral one to pay the lien claimants and was an agreement to pay a debt of another, the company. It was within the statute of frauds. Askier v. Donnelly, 157 Minn. 502, 195 N. W. 494; 6 Dunnell, Minn. Dig. (2 ed.) § 8867; Clark, Contracts, § 40, et seq. and cases cited.

Plaintiff's contention, that he owed these liens and was therefore the debtor and that the promise of defendant was not within the statute of frauds, is untenable. The company owned the property until it was conveyed to defendant. Plaintiff was not a stockholder or interested in the company in any way. His signature to a document transferring the property to defendant was not necessary. He was not a party to the lien foreclosure action. He was

really a contingent creditor of the company; he did not release the company from any claim he had against it..

■ There was no consideration for the promise made by defendant. Plaintiff claims that he agreed "to leave off any action which he might be entitled to against said property" on the promise of defendant pay the liens; but at the time he did not know or attempt to disclose what his right of action might be in that regard. Further, he became a party to the suit against the company, the defendant and others to vacate and set aside the conveyance of said property by the company to the defendant.

If a person has a right of action at law, a forbearance to institute proceedings to protect or enforce such right is a valuable consideration, but there must be grounds sufficient to justify a good faith belief in the merits of his claim. Montgomery v. Grenier, 117 Minn. 416, 136 N. W. 9. To constitute a consideration sufficient to support a promise to refrain from doing an act, an advantage must accrue therefrom to the promisor or a loss or disadvantage be sustained by the promisee. Anderson v. Nystrom, 103 Minn. 168, 114 N. W. 742, 13 L.R.A.(N.S.) 1141, 123 A. S. R. 320, 14 Ann. Cas. 54. There was no such consideration here.

Three claimed rights are advanced by plaintiff as showing a consideration. First, that he might have brought an action to have the conveyance to defendant from the company set aside as in fraud of creditors. This is exactly what was done in the action above referred to in which plaintiff joined. There is nothing in the evidence to show that such action could be successfully maintained or was brought in good faith as far as plaintiff was concerned.

The second claimed right advanced by plaintiff is that he might have paid the lien claimants, taken an assignment of the liens, foreclosed them and obtained the properties subject to the mortgage thereon. There was no forbearance of such a right; the lien claimants before the time the promise was made had commenced an action in foreclosure. If plaintiff took an assignment of said liens he could have done nothing more than the lien claimants were already doing. The record does not disclose that plaintiff was able

to pay the lien claimants so as to obtain an assignment of said liens or that said lien claimants had not diligently enforced their lien rights against the property.

The third right suggested is that plaintiff could have commenced an action directly against the defendant for the amount of the liens to be paid out of the net proceeds of the buildings. That right is outside of this case for the reason that plaintiff only agreed "to leave off any action which he might have against said property." This present action is not against the properties, but is one against defendant personally.

The defendant obtained no advantage whatsoever from the plaintiff, and the latter did not sustain any loss or disadvantage. Cases cited by plaintiff where there was a bona fide dispute between the parties which had been pending for some time are not in point. Plaintiff did not even know what right of action he had against the properties and made no attempt to discuss it in detail with defendant. He made no concessions whatsoever to defendant. There was no consideration.

The agreement between plaintiff and defendant was that the former would answer for the debt of a third party (the company); the agreement was oral, within the statute of frauds, and not enforceable. There was no consideration for the promise. We find no errors in the rulings of the court.

Order affirmed.

STONE, J. (concurring).

I concur in the result on the second ground stated in the opinion. It being perfectly clear that there was no consideration for the alleged promise, I see no reason for discussing the question whether it is within the statute of frauds. On that phase of the case I express no opinion.