(Opinion published 52 N. W. Rep. 44.)

---

## CITIZENS' NAT. BANK *vs.* OLE A. MINGE.

Argued by appellant only, April 19, 1892. Decided May 3, 1892.

**Insolvency—Who may Petition.**—Under the "insolvent law," any creditor or creditors who have claims, to the required amount, that are provable or allowable against the estate of the insolvent debtor, are qualified petitioners for the appointment of a receiver of his property.

**Same—Holder of a Debt not Due.**—A debt of the insolvent is allowable against his estate, although not yet due, and although secured by the liability of a third person as surety.

Appeal by Citizens' National Bank of Fergus Falls, Minn., from an order of the District Court of Otter Tail County, *Baxter*, J., made October 5, 1891, dismissing its petition for a receiver of the property of Ole A. Minge.

On September 24, 1891, the Bank presented its petition in the District Court, stating that it held the promissory note of Ole A. Minge for $160.50, dated November 7, 1890, payable six months after its date, with interest, and that it held another promissory note of Minge for $108.03, dated July 23, 1891, payable three months after its date, with interest; that Minge was insolvent, and had on August 17, 1891, made and delivered to Ole Larson a mortgage on all the crops raised that year on two hundred and forty acres of land in that county, to secure the payment to Larson of $200, whereby Larson gained a preference over other creditors, and asked that Minge be adjudged to be insolvent, and that a receiver be appointed to take possession of his property and distribute the same pursuant to Laws 1881, ch. 148, as since amended. An order was granted directing

Minge to show cause on September 29, 1891, why such receiver should not be appointed. He and Larson both appeared and contested the application. Evidence was taken, and the court found the statement of the petition to be true, but further found that the note for $108.03 was not due, and the Bank had a surety on that note who was solvent; that the Bank did not hold past-due unsecured claims to the amount of $200; and dismissed the petition. From that order the Bank appealed to this court.

*Mason & Hilton*, for appellant.

A promissory note not due is a "claim" as much as a past-due note, and would be provable in insolvency, and the holder entitled to a dividend *pro rata* upon it. *Daniels* v. *Palmer*, 41 Minn. 116.

The fact that Minge's note was signed by a solvent surety did not take away appellant's right to petition for a receiver. Such petition was in no sense a proceeding on the part of the Bank to collect its claims against Minge, but it was a proceeding for the benefit of all the creditors of Minge. This solvent surety was a creditor to the extent of his liability on the note so signed; hence the proceedings for the appointment of a receiver were for his benefit as much as for the Bank's. *In re Daniel Sheehan*, 8 Nat. Bankr. Reg. 345.

No appearance for respondent.

MITCHELL, J. Laws 1881, ch. 148, § 2, as amended by Laws 1889, ch. 30, provides that, whenever any insolvent debtor is guilty of certain specified acts of omission or commission, "any one or more of his creditors having *claims* against him, to the aggregate amount of at least $200, may petition the district court or a judge thereof, * * * asking that a receiver be appointed," etc.

1. To constitute a "claim" against the insolvent, within the meaning of this act, undoubtedly it must be a demand which is provable or allowable against his estate in the insolvency proceedings. But all that is required to qualify the petitioners to institute these proceedings is that they have claims that are provable or allowable to the required amount. To be provable, they need not be due. Under all bankrupt or insolvent laws in this country or Eng-

land, all debts of the bankrupt, whether due or to become due, are held to be provable and entitled to share the distribution of his estate. Any other rule would be subversive of the prime object of a bankrupt law. Bump, Bankr. 28; *In re Alexander*, 4 Nat. Bankr. Reg. 178, 1 Low. 470.

2. Under the late federal bankrupt act, it was provided that, where a debt was secured on the property of the *bankrupt*, it could only be proved for the balance over and above the value of the security, unless the creditor filed a release of his security. Our insolvent law contains no express provision of this kind, and whether any such is implied is a question not now before us. But, under all bankrupt laws of which we have any knowledge, it has been uniformly held that, where the debt is secured by the property or personal obligation of a *third person*, who stands in the relation of surety, it is provable for its full amount against the estate of the bankrupt principal debtor, and that, too, without the creditor being required to release his security. Any other rule would, for manifest reasons, be unjust alike to the creditor and to the surety. *In re Alexander, supra.*

It follows that the claim of the petitioner in this case, although not yet due, and although secured by the obligation of a solvent surety, was provable against the estate of the insolvent, and therefore qualified the petitioner to commence these proceedings.

Order reversed, and the matter remanded to the district court for further proceedings.

(Opinion published 52 N. W. Rep. 42.)