WOODARD & STONE COMPANY and others, Appellants, vs. MILNES and others, Respondents.

*November 5 — November 22, 1898.*

### Insolvency: Receivers.

In order to make up the amount of $200 of debts or claims against an insolvent debtor, required by sec. 3, ch. 334, Laws of 1897, to give to two or more of his creditors the right to petition for the appointment of a receiver for such debtor within thirty days after he has done any act or made any conveyance whereby any creditor shall obtain a preference, costs which were incurred in suits prior to such act of insolvency may be included, but not those incurred afterward, though within such thirty days.

APPEAL from a judgment of the circuit court for Dane county: R. G. SIEBECKER, Circuit Judge. *Affirmed.*

For the appellants there was a brief by *Lewis, Briggs & Dudgeon, C. H. Tenney, L. B. Rowley,* and *E. N. Warner,* and oral argument by *H. M. Lewis.*

For the respondents there was a brief by *Bird, Rogers & Bird,* and oral argument by *Geo. W. Bird.*

BARDEEN, J. This is a proceeding in the circuit court for Dane county to declare the respondent *C. H. Milnes* an insolvent, to appoint a receiver, and to set aside certain alleged preferences, and was brought under the provisions of ch. 334, Laws of 1897. The matter came before the court on an issue formed by the petition and the affidavits of the respondents. Witnesses were produced, and testimony taken relative to the matters involved, and, after a hearing on the merits, the court dismissed the petition, on the ground that the proof did not show that *Milnes* was insolvent at the time he committed the acts complained of. Judgment was entered for the respondents for costs, from which this appeal is taken.

An examination of the testimony presented in the record convinces us that the trial court was undoubtedly mistaken in his estimate of the facts shown. As we view it, the record shows a clear case of insolvency on the part of *Milnes* at the time of the alleged transfer to Sager. But the view we have taken of the statute renders this conclusion unimportant.

The statute says, in substance, that when any debtor, being insolvent, shall do any act or make any conveyance whereby any creditor shall obtain a preference over any other creditor, "then, or within thirty days thereafter, any two or more of his creditors holding and owning debts or claims of not less than two hundred dollars in the aggregate amount" may make a petition to the circuit court or a judge thereof, setting out such facts as are pertinent, and, upon a hearing, a

receiver may be appointed, with certain powers and under certain limitations prescribed. It will be noticed that the creditors who are authorized to institute this summary proceeding must hold and own debts or claims of not less than $200 in the aggregate; also that they must proceed within thirty days after the act of insolvency complained of. The alleged acts of insolvency were committed on the 22d and 24th days of December, 1897. At that time the aggregate amount of the claims held by the petitioners was $172.89. The firm of Kernan & Cantwell had commenced a suit against *Milnes* on the 7th day of December previous, on a claim of $8.04, and obtained judgment December 22d for that amount, with costs taxed at $9.12. The suit having been commenced prior to, and the judgment taken on the day of, the first of the alleged insolvent acts, the amount of the costs incurred in that suit may properly be added to the aggregate of the petitioners' claim. The claim of the *Woodard & Stone Company* amounted to $37.45. They commenced suit December 27th, and thence, to January 8th following, incurred costs to the amount of $28.62, making their claim, as scheduled at the date of filing the petition, $66.07. Costs were also included on the claim of *Thorwart & Roehling* to the amount of $2.75, and on the *Dows* claim amounting to $2.62. Unless the costs so created are to be included in the claims of the petitioners, they have no standing in court. Including the Kernan & Cantwell judgment as above stated, the "debts or claims" of the petitioners existing at the date *Milnes* made the alleged transfer to the other respondents amounted to $182.01.

To render creditors competent to institute and maintain this extraordinary proceeding, they must hold "debts or claims" against the insolvent amounting in the aggregate to $200, which were in existence at the date of the alleged insolvent act. Any other holding would lead to great confusion and uncertainty. It may well be that a creditor would

Woodard & Stone Co. and others vs. Milnes and others.

be qualified to join in this proceeding if he held a debt or claim that was not due at the date of the insolvent act, as was held in *Citizens' Nat. Bank v. Minge,* 49 Minn. 454, or that interest may be computed on the claim held to bring it to the required amount, as was held in reference to the bankrupt law in the United States supreme court (*Sloan v. Lewis,* 22 Wall. 153). But neither of these cases supports the petitioners' contention. In the Minnesota case the required amount was *owing,* but not yet due. In the other case the court said: "Accrued interest is as much a part of the indebtedness as the principal," and may be used to uphold the proceeding. But this does not reach the point involved.

The subsequent costs incurred were not a part of the original indebtedness, and cannot be tacked onto it, to swell the claims to the required amount, even though incurred within thirty days of the act of insolvency. If such costs are to be included, then creditors who were incompetent to commence proceedings at the time of the alleged acts of insolvency, and as to whom those acts were entirely innocent, could purposely incur costs in order to render themselves competent, when they were not before. Such is not the policy of the law. The petition was properly dismissed, although the reasons assigned therefor by the trial court were erroneous.

*By the Court.*— The judgment of the circuit court is affirmed.