MINNEAPOLIS LAND COMPANY v. CARRIE E. McMILLAN.

April 26, 1900.

Nos. 12,152—(157).

### Pleading—Promissory Note Executed under Duress.

*Held*, on the allegations in the answer, that the facts and circumstances therein detailed and relied upon as a defense in an action upon promissory notes were insufficient to show that said notes were executed and delivered under duress, nor did they show that they were without consideration.

### Consideration—Forbearance to Enforce Legal Right.

If a person has a right at law, his forbearance to institute proceedings to protect or enforce it is a valuable consideration for a promise to pay.

Action in the municipal court of Minneapolis to recover a balance of $109.10 and interest on two promissory notes. The court, Holt, J., granted a motion for judgment on the pleadings in favor of plaintiff for the amount demanded. From a judgment entered pursuant to the order, defendant appealed. Affirmed.

*Helliwell & Keyes,* for appellant.

*M. H. Boutelle* and *Nathan H. Chase,* for respondent.

COLLINS, J.

Action upon promissory notes payable to one Flora Bergman, and by her indorsed and transferred to plaintiff. The answer sets forth in detail the facts and circumstances under which said notes were executed and delivered, and which, it is claimed by defend-

ant's counsel, fully establish their contention that the same were obtained by duress, and were without consideration. It is also alleged that plaintiff had knowledge of all these facts and circumstances, and was not a purchaser in good faith and for value. On plaintiff's motion, judgment on the pleadings was ordered, and rendered for the full amount of the notes. The appeal is from this judgment. It is hardly necessary to say that the allegations of the answer are to be accepted as true, and, if by any fair construction a defense has been pleaded, the motion should have been denied, and this judgment will have to be reversed.

The facts and circumstances referred to, as set forth in the answer, are these: James McMillan & Co. was a domestic corporation, engaged in receiving furs, in shipping the same, and in tanning sheep pelts from, for, and on account of a large number of other persons. The defendant was a stockholder in, and the secretary and treasurer of, the corporation, having over $7,000 invested therein. Flora Bergman was the owner and holder of a bond issued in April, 1894, by said corporation, in the sum of $1,000. On March 18, 1898, the principal of this bond had been reduced by previous payments to $700. There was nothing presently due, either as principal or interest. On that day Bergman's agent presented the bond to the corporation, and demanded immediate payment of the balance, which was refused on the ground that nothing was then due. Bergman then threatened that, if this balance of $700 was not paid at once, with accrued interest, application would be made to the district court for the appointment of a receiver for the corporation, under the provisions of the state insolvency law. A petition for the appointment of a receiver in insolvency was duly drawn, of which notice was given to the corporation. The defendant then alleged that the presentation of this petition to the court, as was threatened, would have brought financial disaster on the corporation, and would have caused its failure in business, and that to prevent this, and the consequent and irreparable loss to herself, she exchanged her own personal checks upon a bank, and her own promissory notes, aggregating $700 in amount, payable to Bergman, for the bond in question. The instruments sued upon are two of these notes. She then turned

the bond over to Bérgman as collateral security for the payment of said notes.

It was also alleged that this was all done under protest, and solely to prevent the serious consequences before mentioned; and that at this time the actual value of the bond did not exceed $150; but in no manner was it explained why its face value had been reduced more than 75 per cent. There were no allegations in this answer of fraud or false pretense on the part of Bergman when demanding payment, or when obtaining defendant's checks and notes in exchange for the bond. On the contrary, it was averred by defendant that she knew that the balance of the bond was not due and payable when the exchange was made; and, further, that she then and there well knew that the actual value of the bond did not exceed $150. The only allegations in the answer bearing upon the solvency or insolvency of the corporation at the time Bergman threatened to petition for a receiver under the insolvent law, and caused such a petition to be prepared, are as follows:

"That said Jas. McMillan & Co. was indebted to said Bergman at said time for no sum whatever, and that said Bergman did not have legal cause for making said application for the appointment of a receiver for said Jas. McMillan & Co., under chapter 41 of the general statutes of the state of Minnesota, or otherwise; that said fact was well known to said Bergman, to said Jas. McMillan & Co., and to the defendant herein."

That the balance of the bond had not yet matured would not, of itself, disqualify Bergman from filing the petition. The claim against the corporation held by her would have been provable and allowable had the estate gone into the hands of a receiver, and this was sufficient to qualify her to become a petitioner, under the law. Citizens' Nat. Bank v. Minge, 49 Minn. 454, 52 N. W. 44. And the averment that Bergman did not have "legal cause" for making an application to the court in insolvency proceedings is a very noticeable instance of pleading a conclusion of law instead of facts. It was necessary to allege facts from which this conclusion could be deduced, not the conclusion itself. So that there was nothing in the answer from which it could be gathered that Bergman was not justified in contending that the corporation was insolvent, and

79 M.—19

that a receiver should be appointed for the benefit of its creditors. The defendant was not compelled to execute the notes to satisfy a wrongful claim or unjust demand made upon the corporation, or upon herself, which would, if not complied with, have resulted in serious disaster and loss of property. There was no duress in this case on any of the authorities, and a contention that there was is disposed of by calling attention to Perkins v. Trinka, 30 Minn. 241, 15 N. W. 115; De Graff v. County of Ramsey, 46 Minn. 319, 48 N. W. 1135; Joannin v. Ogilvie, 49 Minn. 564, 52 N. W. 217. The opinion in the case last cited is quite exhaustive on the subject of duress, and has been referred to in Panton v. Duluth G. & W. Co., 50 Minn. 175, 52 N. W. 527; Cunningham v. Minneapolis S. Y. & P. Co., 59 Minn. 325, 61 N. W. 329; and American B. M. Union v. Hastings, 67 Minn. 303, 69 N. W. 1078.

Nor is there any merit in the claim that the notes were without consideration. Not only did Bergman refrain from proceeding against the corporation, as she had proposed to do, justified by the situation, as we must assume, on the condition of the answer, but she transferred the bond to defendant, or, as alleged by the latter, it was exchanged for the checks and notes. If a person has a right at law, his forbearance to institute proceedings to protect or enforce it is a valuable consideration for a promise to pay. See cases cited in 6 Am. & Eng. Enc. (2d Ed.) 747.

A few words more on the point made by counsel, that there was no consideration, because the bond was not worth its face value. The defendant was stockholder, secretary, and treasurer of the corporation. She knew and alleged that this bond was of no greater value than $150. Her agreement to pay $700 therefor merely indicates that, for some undisclosed reason, she was willing to pay more than it was worth. The consideration for the notes may have been inadequate, but this, of itself, does not invalidate the same.

Judgment affirmed.