CHARLES WILDERMANN v. JAMES G. DONNELLY.[1]

May 9, 1902.

Nos. 13,023—(64).

**Promissory Note—Defense.**
> That a note or other written promise to pay is given in settlement of a balance mistakenly supposed to exist in favor of the payee, when, in truth, nothing is due, is always a defense in an action brought by the original payee of the promise, or by an indorsee with notice of the alleged infirmity.

**Same—Want of Consideration—Laches.**
> In an action brought upon a written instrument for the payment of money, the defense was want of consideration. *Held*, that the court below was in error when it ruled, in effect, that it was necessary for the defendant to show that he was not guilty of laches in making this defense.

Action in the district court for Ramsey county by plaintiff, as indorsee, to recover a balance of $421.50 and interest upon a written instrument, which is set out in the opinion. The case was tried before Brill, J., who directed a verdict in favor of plaintiff for the sum demanded. From an order denying a motion to vacate a judgment entered pursuant to the verdict and for a new trial, defendant appealed. Reversed, and new trial granted.

*Cannon & Donnelly*, for appellant.

*Foot & Wickersham*, for respondent.

COLLINS, J.

Action upon a written instrument in words and figures as follows:

"$467.22.          St. Paul, Minnesota, September 17th, 1900.
Due Richard I. McCarthy, four hundred & sixty-seven $22/100$ ($467.22) dollars, which I promise to pay the said Richard I. McCarthy or order, either in goods, wares, and merchandise, to be selected by him, or in cash on demand, at his option.
          "James G. Donnelly."

[1] Reported in 90 N. W. 366.

It was alleged in the answer, among other things, that one Charles I. McCarthy, father of the payee of the instrument, and defendant, Donnelly, had been copartners in business for many years; that the partnership was finally dissolved; that defendant was to assume all firm liabilities, and to retain all of its assets; that if, upon examination and inventory of the firm's affairs, it was found that McCarthy had not previously drawn out and received his share of the profits and property, defendant should turn over to him goods, wares, and merchandise, or should pay him in cash the amount or value of the deficiency. It was further alleged that the inventory, which was thereafter prepared for the purpose of ascertaining what was due McCarthy, if anything, included, by mutual mistake and oversight, many book accounts of no value whatsoever, and which, according to the agreement for dissolution and for adjustment of McCarthy's interest, should not have been inventoried or included as firm assets; that the written instrument was executed and delivered to payee at the request and for the use of Charles I. McCarthy, in full reliance upon the accuracy and truth of the inventory, and in the belief that it conformed to the agreement; that there was no other consideration; that because of this mistake in the inventory or statement of the partnership assets the defendant was not indebted to Charles I. McCarthy in any sum whatsoever when he gave the writing, and that consequently it was without consideration. The demand in the answer was for judgment that the instrument "be adjudged to be void, and that the same be delivered up, and cancelled," and that defendant recover his costs and disbursements.

Disregarding the surplusage in the answer, the gist thereof was a total want of consideration for the execution and delivery of the written instrument.

1. Counsel for the respective parties have discussed the negotiability of the instrument in question, and whether it could pass by indorsement into the hands of an innocent purchaser unaffected by equities which might exist as between the immediate parties thereto, and have also discussed the effect of certain indorsements made thereon.

We are not obliged to pass upon these questions, for it con-

clusively appears from the testimony that the plaintiff was put upon his guard, and was informed sufficiently to put him on inquiry which, if made, would have disclosed the alleged infirmity in the paper, when he received it from Charles I. McCarthy, acting for McCarthy & Sons, in part payment, or on account, of a claim he then held against the latter,—just which is not quite clear from the testimony. He was informed in the letter of transmission bearing date January 14, 1901, that the defendant maker might object to its payment upon the ground that he was not indebted when he executed and delivered it, and also because the book accounts which entered into the alleged consideration were claimed by him to be uncollectible. The letter written by plaintiff to McCarthy in acknowledgment clearly indicates that the former understood that there might be difficulty in enforcing the collection of the note because of an alleged defense. In view of these letters, it conclusively appeared at the trial that the plaintiff was not an innocent purchaser for value of the instrument, whether negotiable or not. There is nothing whatever in the claim that the firm of McCarthy & Sons were innocent purchasers for value.

2. A want of consideration is a good defense in an action upon a negotiable promissory note, or any other written promise to pay; for a consideration is absolutely essential to support the promise. This defense is always available as between the immediate parties to the paper. Of course it cannot be asserted as against a remote holder of a negotiable promissory note, who is a bona fide holder for value; but, as before stated, plaintiff was not in this class when he took this instrument. That a note or other written promise to pay was given in settlement of a balance of an account mistakenly supposed to exist in favor of the payee when, in truth, nothing was due, is always a defense in an action brought by the original payee, or by an indorsee with notice of the alleged infirmity. 6 Am. & Eng. Enc. (2d Ed.) 783. The defendant did not attempt to go farther in his defense than to show that when the note was given it was supposed to be in accordance with the agreement that if a balance existed in favor of McCarthy it was to be paid by defendant, when; in fact, there was nothing due, because

worthless assets were included in the inventory by mutual mistake.

3. When the parties rested their case, the learned trial court directed a verdict in favor of the plaintiff for the amount claimed to be due, and this ruling seems to have been based upon the ground that it was necessary for the defendant to show that he was not guilty of laches when establishing the defense of a want of consideration. Reliance was placed in the doctrine laid down in Parsons v. McKinley, 56 Minn. 464, 57 N. W. 1134, as follows:

"It is the duty of a party who has been induced to enter into a contract through fraud to act upon the first opportunity after discovering such fraud, and to rescind the contract by repudiating its obligations and restoring what has been received under it, if he desires to avail himself of his right to rescind. He is bound to elect what course he will pursue within a reasonable time, at least, after learning of the deception."

It was error to apply this equitable rule to the allegations of the answer, or to the testimony, as presented at the trial. The defense was purely one at law. It was not equitable nor uncommon. The demand for judgment in the answer was unnecessary, and did not characterize the action; did not transform it into an equitable one. Defendant made no attempt to repudiate or to rescind the agreement with McCarthy when he asserted that there was no consideration for the instrument. On the contrary, he affirmed it, and demanded that both parties should be bound by its terms, and to no other or greater extent. His claim was that he should not be compelled to pay for worthless assets, because that was a violation of the agreement. He accepted its conditions without reservation, but declined to have another added, or to pay more than he had agreed to. If, as contended, it was agreed that worthless book accounts should not be regarded as firm assets or of value, when ascertaining what sum should be paid, it was the plaintiff, who stood in McCarthy's shoes, not the defendant, who was attempting to evade, repudiate, and rescind the terms of the agreement through a collection of the note. The question involved in the defense of want of consideration was for the jury.

Order reversed, and a new trial granted.