# HATTIE THAYER v. ESTATE OF FRANCES J. PRAY.[1]

July 15, 1910.

Nos. 16,678—(164).

**Promise to refrain from legal proceedings sufficient consideration for contract.**

> The testator willed his estate to P. and others as trustees, and left plaintiff a legacy of $5,000. P. and another acted as trustees. Plaintiff, about to take legal proceedings to compel payment of her legacy, after an investigation into the estate and inquiry into the acts of the trustees, agreed with P. to refrain, on P.'s promise to pay plaintiff the difference between what the trustees were willing to pay plaintiff and the full amount of her legacy. Plaintiff instituted no proceedings, and received from the trustees a sum less than the amount of the legacy. P. died. Plaintiff sued her estate to recover a sum sufficient, when added to the amount received from the estate, to pay her the full amount of her legacy. It is *held* that there was a sufficient consideration for P.'s promise.

On appeal from the probate court to the district court for Hennepin county, the order of the probate court denying the claim which plaintiff had filed against defendant's estate for the sum of $2,275.10 was affirmed, and the action was dismissed, Dickinson, J. From an order denying plaintiff's motion for a new trial, she appealed. Reversed.

*John M. Rees,* for appellant.

*Alvord C. Egelston* and *Porter J. Neff,* for respondent.

JAGGARD, J.

Samuel Pray made a will, leaving his property to his widow, Frances J. Pray, and other trustees. The widow, an old lady, and one Mealey, acted as trustees throughout the administration of the estate. The will provided for a number of legacies, including one

[1]Reported in 127 N. W. 392.

[Note] Validity of contract not to contest probate of will, see note to Grochowski v. Grochowski (Neb.) 13 L. R. A. (N. S.) 484.

111 M.—29.

of $5,000 to Hattie Thayer, a niece of plaintiff and appellant herein. Before the final settlement and distribution of the estate, and before the trustees were discharged, plaintiff and others determined to take legal proceedings to compel the payment of their respective legacies, after an investigation into the assets of the estate and a full inquiry into the acts of the trustees. The widow thereupon entered into negotiations with plaintiff for a settlement of this controversy. It was finally agreed between them that if plaintiff would accept such sum as the trustees would thereafter give her without question, and if she would not press the payment of the claim against the estate, the defendant would pay to this plaintiff the difference between what she had actually received from the estate and the $5,000 legacy which had been left her. Accordingly plaintiff forbore any action, and permitted said estate to be settled upon the terms proposed by the trustee. The trustees were discharged and released from all obligations as trustees. The estate was distributed as the trustees proposed without question. Plaintiff received $2,724.90. Frances J. Pray, the widow, died.

This action was brought against her estate to recover upon the contract. The district court, to which an appeal had been taken from the probate court, granted a motion to dismiss, and affirmed the order of the probate court, denying the claim which plaintiff had filed against the estate under the contract previously stated. The plaintiff moved to set aside the verdict and decision and for a new trial. This appeal was taken from the order denying that motion.

The defendant properly insists that the plaintiff must show that she had an actual, valid claim against the estate, which she refrained from prosecuting, so that she suffered a loss, or Mrs. Pray, deceased, gained an advantage. This, we think, the record conclusively establishes she did show. She had a valid claim. That claim was based upon an unpaid legacy of $5,000. Defendant admitted that the claim was valid, and paid it to the extent of $2,724.90. The fact is unquestioned that plaintiff refrained from prosecuting her investigation into the affairs of the estate and its management by the trustees. Frances J. Pray derived such an advantage there-

from as was sufficient in her mind to justify her in making the promise. It is elementary that this met the requirements of the law with respect to what constitutes a consideration for a contract.

The authorities to which defendant refers us are entirely consistent with this view of the law. Anderson v. Nystrom, 103 Minn. 168, 114 N. W. 742, 13 L. R. A. (N. S.) 1141, 123 Am. St. 320, indeed, necessitates this conclusion. It was there held that "to constitute a mere promise to refrain from doing an act a consideration sufficient to support a contract, an advantage must accrue therefrom to the promisee or a loss or disadvantage be sustained by the promisor. * * * A promise to make the estate of a deceased person no trouble in the matter of attempting to enforce claims against it, where the claims are barred by the statute of limitations and the estate of the deceased person is insolvent, does not constitute a sufficient consideration for a promissory note given by the heirs of the deceased person."

That is, a promise to refrain from attempting to enforce a claim barred by the statute of limitations is not a sufficient consideration for a promise to pay money, made by the heirs. In the case at bar the plaintiff's claim was not barred by the statute of limitations, but was valid and subsisting. In that case, neither party lost or gained by the promise to abstain. In the case at bar, the plaintiff suffered a loss and the defendant gained an advantage. The court in that case, per Brown, J., said: "A promise to refrain from resorting to legal means to enforce a valid obligation might in a proper case furnish a valid consideration for a promise by a third person to pay the same." Within this obviously sound rule, the promise of Frances J. Pray to pay the balance of the legacy to the plaintiff was a valid contract.

Reversed.

On July 29, 1910, the following opinion was filed:

PER CURIAM.

Defendant in its motion for reargument insists there is a difference between a contest or claim by a legatee concerning a deficiency

in payment of a legacy. This we regard as quite as immaterial a circumstance as that plaintiff was not a niece of Mrs. Pray by blood, but only by marriage. It may be that the trustees were not discharged and released from all obligation as stated in the opinion, but that their acts had been merely passed upon and allowed by the district court. The statement was taken literally from an unchallenged proposition to that effect in the brief of counsel. It is not apparent that, under any circumstances, however, it was material.

Motion denied.