## ALEXANDER MONTGOMERY v. ELIZABETH GRENIER and Another.[1]

May 10, 1912.

Nos. 17,563— (65).

**Will — family settlement.**

An agreement on the part of a brother of a deceased person with another brother and sister to refrain from contesting the will of decedent in consideration of the promise of the latter, beneficiaries named in the will, to pay to him a certain sum of money, is not, on the facts stated in the opinion, a "family settlement," within the meaning of the law upon that subject.

**Consideration of promissory notes.**

There was no basis, legal or otherwise, for the proposed contest, nor did the facts furnish reasonable cause for the belief that grounds therefor existed, and plaintiff's threat of contest was not made in good faith. *Held,* that the agreement to refrain from contesting the will was not a legal or valid consideration for the promissory notes given by defendants in consideration of the agreement.

Two actions in the district court for Ramsey county to recover a balance upon promissory notes. The answer admitted the execution

[1] Reported in 136 N. W. 9.

of a promissory note, but alleged that the note was without consideration.  By consent the cases were tried together before Brill, J. At the close of the testimony defendants' motion to dismiss the cases was granted.  From an order denying plaintiff's motion for a new trial, he appealed.  Affirmed

*Orr, Stark & Collett,* for appellant.

*Charles W. Farnham, Newgren & Bjorklund* and *O'Brien, Young & Stone,* for respondent.

BROWN, J.

Separate actions were brought by plaintiff, one against W. J. Montgomery and one against Elizabeth Grenier, to recover upon certain promissory notes made and delivered by defendants to plaintiff, and as both actions involved the same transaction, they were consolidated in the court below and tried together.  At the conclusion of the trial the actions were dismissed, and plaintiff appealed from an order denying a new trial.

. The facts are as follows:  Hugh Montgomery, for many years theretofore a resident of St. Paul, died in that city on July 6, 1907, leaving a last will and testament, in and by which he devised and bequeathed all and singular his property to various persons, the principal part thereof going to defendants in these actions, his brother and sister.  Decedent left no widow or children.  Plaintiff is also a brother of decedent, and came on from his home in New York state to attend the funeral, and thereafter visited with defendants for a week or ten days.  Within a short time after the funeral of decedent the matter of his estate came up and was the subject of some conversation between plaintiff and defendant W. J. Montgomery. Plaintiff was informed of the will, and that the bulk of the estate was given to defendants.  He claims also to have been informed, the truth of which must be conceded, that decedent had stated to one of defendants that he intended to change his will and leave a part of the property to plaintiff, and that his sudden death had prevented the change.  Plaintiff thought that he was, as a brother, as much entitled to share in the estate as defendants, brother and sister, and he inti-

117 M.—27.

mated an intention to contest the will. It is also claimed, and this, too, must be taken as a fact, that to avoid the threatened contest defendants each agreed to pay to plaintiff the sum of $1,000, from the share of the estate passing to them. In consummation of the agreement they made and delivered to plaintiff the promissory notes here in suit. Each defendant interposed in defense that the notes were wholly without consideration. This was, by the dismissal of the actions, sustained by the trial court. The only question presented is whether the court below was in error in that conclusion.

It is contended by plaintiff that a sufficient consideration was shown and that the promissory notes are valid obligations: (1) Because they were made and delivered as a result of the settlement of family difficulties; (2) that the settlement should not be overturned, for the reason that plaintiff cannot be placed in statu quo; (3) that plaintiff lost the right of contest, a valuable right, therefore a consideration; and (4) that plaintiff had the bona fide intention of contesting the will, and had good grounds therefor, and that his good faith in the matter should have been submitted to the jury. We are unable to sustain any of these contentions.

1. The rules applied in upholding family settlements are inapplicable to this controversy. 12 Am. & Eng. Enc. (2d ed.) 875. No family difficulty was shown, within that branch of the law. The most amicable relations appear to have existed between the parties, and the sole basis for the settlement, as we view the evidence, was the feeling of plaintiff that some provision should have been made for him by the will. Plaintiff was, as a matter of law, not entitled to any share in the estate, and the evidence presents no suggestion that he possessed a valid, or even doubtful, claim to any part of it.

The doctrine of "family settlements" is predicated upon the family relation, and upon the fact that mutual rights and good faith controversies are, in the interests of family harmony, best settled and adjusted at the home, rather than in the courts, and for that reason are sustained, where no fraud or mistake is shown. In the case at bar no family relations, within the meaning of the law, existed between these parties. They were all of mature years, and each

maintained a home of his own. Plaintiff resided in the state of New York, and defendants in this state. Plaintiff had met his deceased brother or defendants but once in forty years, and there had been no frequent correspondence between them. We have been cited to no case where the doctrine invoked has been held to apply to a situation of this kind. The mere fact that the parties are related, that relation being brother and sister, does not necessarily make them members of a "family," within the meaning of the law of family settlements.

2. The other contentions may be disposed of under one inquiry, namely, whether plaintiff's agreement to refrain from contesting the will furnished a valid and sufficient consideration for the notes in suit.

The decisions upon the question are by no means harmonious. It is held by some courts that the promise to refrain from instituting legal proceedings to enforce an asserted demand or claim against another constitutes a legal and valid consideration for the promise of the latter to pay the demand or perform the thing demanded, without regard to its validity or the good faith of the person asserting it. See note to Armijo v. Henry (N. M.) 25 L.R.A.(N.S.) at p. 299. But such is not the law in this state. It was held in Neibles v. Minneapolis & St. Louis Ry. Co. 37 Minn. 151, 33 N. W. 332, that to sustain a compromise and settlement it must appear that the claim or controversy settled, though perhaps not in fact valid in law, was presented and demanded in good faith and upon reasonable grounds for inducing the belief that it was enforceable. And the rule thus stated is the prevailing one in this country. It has been applied in numerous cases involving the settlement of the estate of deceased persons; the courts holding that a claim presented against the estate, a promise to refrain from attempting by legal proceedings to enforce which forms the basis for a settlement, must have some plausible or reasonable ground for its support—facts sufficient to justify a good faith belief in the merits of the claim or demand. Crawford v. Engram, 157 Ala. 314, 47 South. 712; Prater v. Miller, 25 Ala. 320, 60 Am. Dec. 521; Bellows v. Sowles,

55 Vt. 391, 45 Am. Rep. 621; Busby v. Conoway, 8 Md. 55, 63 Am. Dec. 688; House v. Callicott, 83 Miss. 506, 35 South. 761; Taylor v. Weeks, 129 Mich. 233, 236, 88 N. W. 466. The rule in point of substance was applied in Anderson v. Nystrom, 103 Minn. 168, 114 N. W. 742, 13 L.R.A.(N.S.) 1141, 123 Am. St. 320, 14 Ann. Cas. 54.

A careful examination of the record in the case at bar leads to the conclusion that the learned trial court correctly disposed of the case. It is beyond controversy that plaintiff had no valid claim to any part of the estate in question, and the court was fully justified, from the evidence produced, in finding that plaintiff did not make his claim or threaten to contest the will in good faith. The evidence wholly fails to show that there existed any ground, reasonable or otherwise, for a contest of the will. Plaintiff had not examined the will. He did not know its terms or provisions, further than informed by defendant W. J. Montgomery. It was properly executed, and there is no intimation that the testator was not of sound and disposing mind. With no basis in fact for a contest, and no reasonable ground for believing that a contest might rightfully be instituted and maintained, the agreement to refrain from so doing furnishes, within the rule of our decisions, no sufficient consideration for the promise of defendants to give him a part of their legacy. The facts clearly distinguish the case from Thayer v. Estate of Pray, 111 Minn. 451, 127 N. W. 392, and Minneapolis Land Co. v. McMillan, 79 Minn. 287, 82 N. W. 591. The other authorities cited by plaintiff to sustain his contention are not in accord with the rule in this state, and, of course, are not to be followed.

Order affirmed.