## BERTHA THAYER AND ANOTHER v. LIZZIE E. KNIGHT AND ANOTHER.[1]

April 25, 1941.

No. 32,698.

*Kief & Kief*, for appellant.

*M. J. Timmons,* for respondents.

[1]Reported in 297 N. W. 625.

172

HOLT, JUSTICE.

Action for specific performance of a contract to convey an interest in land. Defendant Lizzie Knight appeals from the judgment decreeing performance.

The facts are these: On June 10, 1937, Nina M. Freymark, a resident of Chippewa county, a widow with no children, made a will containing certain cash bequests to nephews and nieces, and also disposing of her real estate. On April 8, 1936, on Mrs. Freymark's petition, the probate court of Chippewa county, committed her to the insane hospital at St. Peter for treatment and appointed one Ben Baker her guardian; but on September 27, 1937, an order adjudging her restoration to capacity was filed in said probate court. On October 5, 1937, she committed suicide. She left her surviving two sisters, the plaintiffs, three brothers, and several nephews and nieces. Defendant Lizzie E. Knight is the wife of the defendant George E. Knight, a nephew of testatrix. On October 7, 1937, there was a meeting in the office of an attorney in Montevideo of the legatees named in the will and other relatives of testatrix, at which time the will was read. Plaintiffs then announced their purpose to contest the admission of the will to probate. After some discussion a contract was then signed by the beneficiaries of the will, including appellant, whereby she agreed to convey to plaintiffs her life estate in the northeast quarter of the northeast quarter of section 22, in township 118, of range 40, Chippewa county, in consideration for not opposing the probate of the will. Plaintiffs did not contest the will, which was duly admitted to probate on December 15, 1937, and a final decree of distribution was filed July 8, 1938. Appellant refused to convey her life estate to plaintiffs as agreed by said contract, and this action resulted.

Appellant answered (her husband, defendant George E. Knight, does not defend), alleging, in substance, that she was induced by fraud, duress, and undue influence to sign the contract of October 7, 1937. She also avers that the contract is illegal in that it

seeks to thwart a last will and testament and that there was no consideration given for the agreement to convey.

The findings attacked as unsupported are:

"That plaintiffs believed that the said Nina M. Freymark was incompetent when she made her Will, Exhibit 1 herein, and felt that they had not received enough; that said Ira Knight and plaintiffs demanded their share of the estate of said Nina M. Freymark, stating to defendant, Lizzie E. Knight, that if that was not done they would contest the Will and that then defendant would get nothing; that defendant, Lizzie E. Knight, stated that she wanted to talk with her husband before signing said agreement; that thereupon all said that he, defendant's husband, had nothing to do with it, that plaintiff Bertha Thayer insisted on said agreement being signed then because she wanted to go home the next day; that thereupon plaintiffs and defendant, Lizzie E. Knight, together with others, signed said agreement, Exhibit A herein; that a copy of said agreement was given to each of the signers thereof. * * * That plaintiffs filed no objections to the allowance of said Will, Exhibit 1 herein, and made no appearance in Probate Court during the probate of the Estate of Nina M. Freymark, deceased; that the agreement, Exhibit A, herein, has been fully performed in good faith by the plaintiffs, herein. That defendants have fully ratified said agreement, Exhibit A herein, by acquiescence therein and failure to repudiate the same and thereby are estopped to deny the validity of said agreement."

Although the quoted findings are in part evidentiary, they negative the amended finding asked, but refused, that defendant Lizzie E. Knight was induced by fraud, duress, and undue influence to sign the agreement. An examination of the evidence shows clearly that the court could not have made the amended finding asked, and that the quoted part of the findings are fully supported. There is no argument in the brief challenging the finding of estoppel.

Appellant urges that the agreement signed is against public policy and hence void or nonenforceable, citing Graef v. Kanouse, 205 Wis. 597, 238 N. W. 377, and cites cases therein ably discussed. This agreement does not involve anticipatory interests in a will as in the Graef case. Here the testatrix was dead, and her estate had vested according to her will, if valid. This agreement was not to suppress or defeat the will. Appellant and her children were legatees of a valuable farm—estate for life to appellant, remainder to her children—and by this agreement appellant was to convey her life estate only in one of the forties of the farm to plaintiffs in consideration of their agreement not to contest the will. Under the facts above recited, the will might not have survived a contest based on the incompetency of the maker. Plaintiffs' good faith in agreeing not to contest the court could well find, even though the able attorney who drew the will told them that he would testify, if called as a witness, that Mrs. Freymark was competent to make the will at the time it was made. We do not think that this agreement can be considered as subversive of the policy of our law and statute to give effect to the last will of a deceased. In connection with the Graef case, as to an agreement to assign an expected inheritance, the later case of Hofmeister v. Hunter, 230 Wis. 81, 283 N. W. 330, 121 A. L. R. 444, is of interest.

It is also claimed that there was no consideration for the agreement moving to appellant from plaintiffs. Had plaintiffs' contest proved successful, appellant would have received nothing from the estate. They had the right to contest, and if successful their share would have been greatly increased. Appellant relies strongly upon Montgomery v. Grenier, 117 Minn. 416, 136 N. W. 9, 11. In that case the testator had made a will leaving the principal part of his estate to a brother and sister who for years had resided in St. Paul, this state, the home of testator. The plaintiff, another brother, came to St. Paul from New York state, his home, to attend the funeral and was informed of the will. He threatened to contest the will, and to avoid the contest the defendants, his

brother and sister, executed promissory notes for $1,000 each payable to the plaintiff. In the suit on these notes defendants pleaded want of consideration. At the close of the testimony the court dismissed the action on the defendants' motion. In affirming, this court stated that to sustain a compromise it must appear that the claim compromised, though perhaps not valid in law, was presented and demanded in good faith and upon reasonable grounds for inducing belief that it was enforceable. Authorities from other jurisdictions are cited, and the court upon examination of the evidence concluded that the plaintiff had no valid claim to any part of the estate and that he did not in good faith make his threat to contest the will, and knew that he had no ground upon which to make a contest.

"With no basis in fact for a contest, and no reasonable ground for believing that a contest might rightfully be instituted and maintained, the agreement to refrain from so doing furnishes, within the rule of our decisions, no sufficient consideration for the promise of defendants to give him a part of their legacy." [117 Minn. 420.]

The facts in the case at bar, as above recited, that this will was made after testatrix was treated for insanity and before the order was made restoring her to competency, and that a few months after restoration she hung herself, furnishes the ordinary lay mind with ample reason for in good faith believing that she was incompetent to make this will.

The judgment is affirmed.