# ANTON T. JOHNSON v. NORTHERN OIL COMPANY.[1]

April 10, 1942.

No. 32,924.

*Victor E. Essling, John T. Naughtin,* and *Arthur R. Smythe,* for appellant.

*Holmes, Mayall, Reavill & Neimeyer,* for respondent.

STONE, JUSTICE.

There must be valuable consideration in order to make a bilateral, executory agreement an enforceable contract. If the agreement be for the modification of such a contract, there results ordinarily a new one consisting of the old so far as it remains unchanged and the new terms and conditions introduced by the modification. The contract-making process has been repeated, and its essentials must be present. It follows that the new agreement

[1]Reported in 4 N. W. (2d) 82.

is not a contract if it lacks consideration. King v. D. M. & N. Ry. Co. 61 Minn. 482, 63 N. W. 1105; 2 Dunnell, Dig. & Supp. § 1776.

That proposition compels decision against plaintiff. He relies upon alleged modification of a contract made in March 1933, for a term of three years, during which he was to purchase from defendant and resell, in designated northern Minnesota territory, certain petroleum products. His claim is that after the contract had been in force a few months it was modified so that thereafter he was entitled to certain concessions which would lower the price of the goods purchased from defendant. Such concessions were made and enjoyed by plaintiff but not in as large an amount as he now avers was promised.

The record does not even suggest, to say nothing of proving, that when the agreement for modification was made plaintiff furnished any consideration, by act or promise, for the alleged new promise on the part of the defendant. Hence there can be no recovery.

True, as plaintiff argues, so far as concessions were actually made by defendant and enjoyed by plaintiff, they are controlling. Plaintiff tendered and defendant accepted a manner and degree of performance other than that called for by the contract. Such action of the contracting parties is final. But it tends not at all to prove the element of consideration necessary to make the new and modified agreement enforceable as a contract so far as it remains unexecuted.

It appearing that there was no consideration for the agreement of modification, we do not consider whether, as argued for defendant, it was within the statute of frauds and so not enforceable because not in writing.

Orders affirmed.