# STANLEY TRUCKING COMPANY, INC. v. NATIONAL INDEMNITY COMPANY.

## 136 N. W. (2d) 101.

### June 11, 1965—No. 39,316.

*Schermer & Gensler* and *Irvin E. Schermer,* for appellant.

*O'Connor, Green, Thomas & Walters* and *Kenneth W. Green,* for respondent.

SHERAN, JUSTICE.

Appeal from an order of the district court denying defendant's motion for judgment notwithstanding the verdict or for a new trial.

Action was instituted by Stanley Trucking Company, Inc., against National Indemnity Company to recover $8,750 which defendant had promised and agreed to pay plaintiff in settlement of a claim for loss due to the theft and destruction of a tractor-trailer unit. Defendant acknowledged the existence of a policy of insurance under which it would ordinarily be liable for the loss but contended that there was no

consideration for its promise to pay the loss because the theft of the property was caused or procured by Bruce L. Stanley, president of the trucking company and the person who acted for it in submitting the proof of loss which initiated the proceedings resulting in the settlement agreement.

At the trial the evidence was conflicting as to whether the misconduct charged against Stanley did or did not occur. However, the record is clear that the defendant-insurer was informed of the possible involvement of Stanley in the theft of the tractor-trailer unit about a month before the settlement agreement was made.

At the close of the evidence defendant requested the trial court to instruct the jury that the only issue for its determination was whether there was legal consideration supporting defendant's unexecuted promise to pay. The instruction was refused and instead the asserted involvement of Stanley in the theft of the insured property was submitted as a species of fraud in the inducement which would not defeat plaintiff's claim if waived by the defendant. The instruction was summarized by the trial court in this way:

"To recapitulate as to this lawsuit; plaintiff and defendant entered into an agreement to compromise and settle the plaintiff's claim for the sum of $8750.00. Plaintiff is entitled to recover that amount of money unless the defendant has proved by a fair preponderance of the evidence, that it was induced by fraud on the part of the plaintiff to enter into the agreement, in which event the defendant was justified in rescinding the agreement, and plaintiff is entitled to recover nothing, unless you also find that even though there was fraud on the part of the plaintiff, the plaintiff has proved by a fair preponderance of the evidence that the defendant had knowledge of such fraud prior to entering into the agreement with plaintiff or, after acquiring knowledge of any such fraud, by its acts manifested an intention to ratify or affirm the agreement, if already entered into, in spite of any fraudulent inducement. In either such event the defendant would have no right to rescind and the plaintiff would be entitled to recover the $8750.00 pursuant to its terms."

The jury's verdict was for plaintiff.

Upon appeal defendant contends that (a) the instruction given by the

trial court, and (b) the refusal to instruct that defendant's promise to pay was not enforceable for lack of consideration if the president of plaintiff corporation caused or procured the theft or destruction, constitute reversible error.

■ We agree that a new trial is necessary. The action was to recover damages for defendant's failure to perform an executory promise to pay a sum certain in money.[1] The breach of such a promise does not give a cause of action for damages unless the promise is supported by legal consideration.[2] It is supported by legal consideration if in exchange the promisee agreed to accept such sum in satisfaction or compromise of a disputed claim.[3] But this is true only if the disputed claim is one made in good faith.[4]

To us it is clear that a claim for a loss resulting from theft or destruction of insured property is not presented in good faith if the party making it caused or procured the theft or destruction. In the case before us, the conduct of Stanley was that of the corporation.[5]

---

[1]See, Welsh v. Barnes-Duluth Shipbuilding Co. 221 Minn. 37, 21 N. W. (2d) 43; Johnson v. Northern Oil Co. 212 Minn. 249, 4 N. W. (2d) 82; Stern v. Mayer, 166 Minn. 346, 207 N. W. 737, 46 A. L. R. 1167; 17 C. J. S., Contracts, § 94.

[2]See, William Weisman Realty Co. v. Cohen, 157 Minn. 161, 195 N. W. 898; La Mourea v. Rhude, 209 Minn. 53, 295 N. W. 304; 4 Dunnell, Dig. (3 ed.) § 1751a; 17 Am. Jur. (2d) Contracts, § 86.

[3]See, Minneapolis Land Co. v. McMillan, 79 Minn. 287, 82 N. W. 591; Thayer v. Estate of Pray, 111 Minn. 449, 127 N. W. 392; Baehr v. Penn-O-Tex Oil Corp. 258 Minn. 533, 104 N. W. (2d) 661; 4 Dunnell, Dig. (3 ed.) § 1772(51); 17 C. J. S., Contracts, § 105; 17 Am. Jur. (2d) Contracts, § 111.

[4]See, Neibles v. Minneapolis & St. L. Ry. Co. 37 Minn. 151, 33 N. W. 332; Montgomery v. Grenier, 117 Minn. 416, 136 N. W. 9. See, also, Davis v. Mendenhall, 19 Minn. 113 (149); Peterson v. Hegna, 158 Minn. 289, 197 N. W. 484; Nybladh v. Peoples State Bank, 247 Minn. 88, 76 N. W. (2d) 492; 17 C. J. S., Contracts, § 105; Restatement, Contracts, § 76(b); 15 Am. Jur. (2d) Compromise and Settlement, §§ 14, 15.

[5]See, Lewin v. Proehl, 211 Minn. 256, 300 N. W. 814; Roemer v. Jacob Schmidt Brewing Co. 132 Minn. 399, 157 N. W. 640, L. R. A. 1916E, 771; Engen v. Merchants & Manufacturers State Bank, 164 Minn. 293, 204 N. W. 963, 43 A. L. R. 610; Scheele v. Union Loan & Finance Co. 200 Minn. 554, 274 N. W. 673.

■ Whether Stanley instigated the theft of the insured property was a question of fact for the jury to decide. But, if the tractor-trailer unit was stolen or destroyed by persons acting for Stanley, there was no consideration for defendant's promise to pay a sum certain to secure the release of his claim.[6] There being no consideration for the defendant's promise to pay if Stanley, who represented the corporation, participated directly or indirectly in the theft, there would in such event be no contract to rescind and the principles of waiver could not come into play.[7]

Respondent's contention that this resolution of the problem discourages the settlement of claims does not persuade us. For one thing, there is no public interest served by making legal process available to aid one who has caused or procured the theft or destruction of his own property in recovering the fruits of such misconduct. There may be circumstances where the failure of a party making payment to protect himself from fraud will inhibit action by the courts in aid of repayment. But this is not the situation here where, although the promise to pay has been made, no money has changed hands. There may be cases also where a promise to pay is supported by legal consideration even though fraud or misrepresentation induced one of the parties to make a promise in exchange for a legal benefit existent notwithstanding the fraud. But where the claim for recovery is based on an unexecuted promise to pay which has no supporting consideration whatever except the compromise and settlement of a wholly fictitious claim, the court will not help the wrongdoer.

We do not say that the evidence in the record before us compels a finding that Stanley caused or procured the destruction of the property of the corporation for which he was acting. Our decision is limited to the holding that if the jury found that he did so, as claimed, there can

---

[6]In State v. Hulder, 78 Minn. 524, 81 N. W. 532, it was held that the assertion of a false and fraudulent claim for damages resulting in the receipt of a compromise settlement in the amount of $1,250 constitutes larceny. "A bargain that has for its object or consideration the attempted enforcement of a claim known to be unfounded, is illegal." Restatement, Contracts, § 555.

[7]See, Wildermann v. Donnelly, 86 Minn. 184, 90 N. W. 366; 17 Am. Jur. (2d) Contracts, § 89; Williston, Contracts (3 ed.) § 115B, p. 470.

be no recovery based on defendant's promise to make payment in exchange for the corporation's agreement not to sue. Stated another way: If the jury found the facts to be as defendant contended, the plaintiff was not entitled to recover and it is immaterial whether defendant knew or had reason to know of the lack of good faith of the claim when the agreement to compromise was reached.

On the other hand, if it is true, as plaintiff contends, that the testimony supporting defendant's claims with respect to the theft and destruction of the property was generated by the desire of the real culprits to cast blame on another or to extort a contribution for their defense, the rights of the plaintiff are clear. As to this aspect of the case, there was a fact question for the jury. But since the jury, under the instructions given, might have permitted plaintiff to recover even though it found that Stanley was involved in the theft of the insured property, a new trial is required.

Reversed and new trial granted.