**NORTHERN TIMBERLINE EQUIPMENT, INC.,**
**Appellant,**

v.

**Donald L. GUSTAFSON, Respondent.**

**No. C5–85–1843.**

Court of Appeals of Minnesota.

May 13, 1986.

Review Denied July 16, 1986.

Joseph M. Boyle, Jr., International Falls, for appellant.

Richard C. Mollin, Jr., International Falls, for respondent.

Heard, considered, and decided by WOZNIAK, P.J., and HUSPENI and RANDALL, JJ.

## OPINION

WOZNIAK, Judge.

Northern Timberline Equipment, Inc. sued Donald L. Gustafson for money due under an installment sales contract and security agreement entered into on February 15, 1981. Gustafson did not file an answer to Northern Timberline's complaint. The trial court entered judgment against Gustafson for $3,409, plus prejudgment interest, from November 24, 1981. However, the court found that on November 24, 1981, the parties modified the contract to such an extent as to have abandoned it. Based on this finding, the court refused to award appellant both interest on the amount due at the contract rate and attorney's fees for the cost of collection, a term provided in the contract. Northern Timberline appeals from the judgment entered August 28, 1985. We reverse and remand.

## FACTS

On February 15, 1981, respondent purchased a used 450 J.D. Crawler Loader from appellant for $10,000. Respondent paid $2,600 down and financed the balance through the seller. The parties executed an installment sales contract and security agreement, which was duly filed. The contract provided for five semi-annual payments of $2,057.63 on August 15, 1981, February 15, 1982, August 15, 1982, February 15, 1983, and August 15, 1983, and interest at 20%. The contract provided:

3. *Delinquency Charge; Acceleration:* Buyer agrees to pay a delinquency charge on each installment payment in arrears for a period of more than 10 days in an amount equal to $5.00 or 5% of the amount of the installment, whichever is less. Buyer further agrees to pay reasonable attorney's fees and other legal expenses incurred by Secured Party in exercising its rights and remedies hereunder. In the event of default, Secured Party may, at its option, declare all unpaid obligations due and payable, except the unearned portion of the FINANCE CHARGE computed by the Rule of 78's as if full payment of the Obligations had

been made on the date they became due and payable; provided, however, that if the Obligations are not then paid and subsequently (i) the Property is sold by the Secured Party or (ii) an action is commenced against Buyer to collect the unpaid Obligations, the unearned portion of the FINANCE CHARGE will be computed by the Rule of 78's as of the earlier of the dates of (i) and (ii) above.

On November 24, 1981, the parties agreed that respondent would chop wood in lieu of a portion of the installment payment due. The court found that respondent's wood chopping work entitled him to a credit of $2,447.98, as well as a $2,825.63 credit for a cash payment. The court found that the November 24, 1981 oral agreement constituted a total abandonment of the written contract. It provided that appellant could repossess the crawler loader in the event respondent could not satisfy the judgment.

## ISSUES

1. Did the trial court err in finding the parties abandoned their written contract?

2. Can respondent claim waiver, abandonment, or modification defenses when respondent failed to file an answer to appellant's complaint?

## ANALYSIS

1. This case involves review of the trial court's finding that the parties abandoned their written contract.

Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses.

Minn.R.Civ.P. 52.01. Appellant argues that the court's finding that the parties abandoned the contract was not supported by the evidence. To support its argument, appellant cites language in the written contract which states

This contract can be waived, modified, or amended * * * only explicitly in writing, signed by the Secured Party. A waiver signed by the Secured Party shall be effective only in the specific instance and for the specific purpose given.

Appellant concedes that it orally agreed to accept services in lieu of payment as partial payment. The oral agreement, to accept services in lieu of partial payment, was negotiated shortly after the first bill was sent. Appellant, during the course of the repayment period, billed respondent when respondent did not make payments as required by the contract, and also credited him for the value of services performed.

Appellant argues that the written contract is fully enforceable and that subsequent oral agreements modify only the payment *method*, allowing respondent to make payments in part in cash and in part in services, and do not constitute abandonment of the written contract. Appellant claims that testimony at trial reveals that neither party intended to abandon the written contract.

Appellant claims respondent has the burden of establishing abandonment of the written contract by clear and convincing evidence. He cites *Hield v. Thyberg,* 347 N.W.2d 503 (Minn.1984), a parol evidence case. Appellant argues, based on *Hield,* that subsequent oral agreements do not constitute abandonment and that payment as agreed to orally by the parties is consistent with the written contract. *Hield* states the general rule:

that evidence outside a written document is not to be used to vary or contradict the plain terms of the document. The sometimes harsh effect of this rule is, however, ameliorated by a host of exceptions.

*Id.* at 507. The parol evidence rule does not apply to agreements or modifications made subsequent to the written contract. *Flynn v. Sawyer,* 272 N.W.2d 904, 908 (Minn.1978). *See also* J. White and R. Summers, *Handbook of the Law Under the Uniform Commercial Code,* § 2–10 (1980).

Appellant argues that the written contract at issue conforms to *Johnson v. Northern Oil Co.,* 212 Minn. 249, 4 N.W.2d 82 (1942). *Johnson* holds that an agreement modifying a contract, in order to be

enforceable, must be supported by consideration, and "[i]t follows that the new agreement is not a contract if it lacks consideration." *Id.* Here, the change in payment mode from that stated in the original contract is not supported by consideration. Respondent merely agreed to do what he was already legally obligated to do, to make payments on the original contract.

However, neither parol evidence nor modification are at issue here as appellant contends. Rather, the issue is whether the trial court properly found that the parties had abandoned the original contract.

> [A]bandonment * * * must be clearly expressed, and acts and conduct of the parties to be sufficient must be positive, unequivocal, and inconsistent with the existence of the contract.

*Desnick v. Mast,* 311 Minn. 356, 365, 249 N.W.2d 878, 884 (1976). In another case, the supreme court held that the intention to abandon a contract:

> may be ascertained from the facts and circumstances surrounding the transactions and may be implied from the acts of the parties.

*Republic National Life Insurance Co. v. Marquette Bank & Trust Co.,* 295 N.W.2d 89, 93 (Minn.1980). Republic contended that Marquette Bank "abandoned" an option to purchase an office building. However, the district court had declared the purchase option violated Minn.Stat. § 48.21 (1978). The only evidence of abandonment presented by Republic was Marquette's refusal to perform the void purchase agreement. The court held,

> Marquette's refusal to perform a contract that it was not permitted to perform does not mean it abandoned the option where it is possible that exercise of the option could result in a legal contract in the future.

*Id.* The option's legality was tied to the value of the business paid in capital stock and surplus. The court found, absent any other evidence of abandonment, that Marquette did not abandon the contract.

■ Here, the only findings made by the court to support abandonment were the oral agreement that Northern Timberline would accept services as partial payment of each payment and the acceptance of late payments. The parties agreed to the value of the services each time services were substituted for payment. This is not "positive, unequivocal and inconsistent with the existence of a contract." Nor do the circumstances surrounding the parties' transactions imply an intent to abandon the contract. Moreover, the evidence showed that appellant continued to bill respondent when respondent fell behind in his payments; that the only variance from the contract was the mode of payment, appellant expected the total of the value of services, plus cash paid, to equal the amount of the installment payment; that the due date of the installments remained the same, despite the fact that late payments were made; that appellant did not expressly agree to abandon the contract; that appellant instituted a suit to enforce his rights under the written contract; and that respondent did not answer the complaint nor did respondent expressly raise abandonment as a defense.

## 2. *Respondent's Failure to Answer*

■ Respondent claims that, although he did not file an answer claiming he had abandoned the contract, the abandonment issue was litigated "by consent." Minn.R. Civ.P. 15.02 states that "[w]hen issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings."

Respondent claims his failure to file an answer was inadvertent, relying on Minn. R.Civ.P. 15.02. Appellant argues that it never consented to litigate the abandonment issue.

Following respondent's failure to answer, appellant could have moved for a default judgment. However, since appellant did not and the case was tried without objection, appellant has tried the issue by consent.

## DECISION

The trial court erroneously found that the parties abandoned their written contract.

Reversed and remanded.